### THOMAS H. MILLER v. W. L. FOSTER ET AL.
#### No. 2496.

**Parties to Suit to Set Aside a Will.**—A will was duly probated April 29, 1850. The will provided "that all property * * * should vest first in Eliza Rutledge, wife of testator, for twenty-one years from his death, at expiration of which time it should go to any child or children of testator he might have by his wife. In event of the death of offspring by his wife the property was to vest in her for life. In event of the death of the wife without offspring by him surviving her, the property was to be owned equally by the children of A. S. Miller who survived the testator and which he might have by his wife." The land in controversy was community property. The said A. S. Miller was executor. Testator's wife and Miller's wife were sisters. The only child of testator and his wife Eliza died July 14, 1854, while a minor. The widow married Foster in July, 1850, and died February 25, 1881. April 19, 1852, Eliza and her husband sued in the proper District Court to annul the will, making A. S. Miller, the executor, a party. The minor William Rutledge, through his guardian *ad litem,* answered. The answer of the executor admitted the allegations in the petition. The court by decree, October 23, 1852, declared the will void and of no effect. Plaintiffs are the children of A. S. Miller, and claim under the will. The defendants are the surviving husband and children of Eliza. *Held,* that the necessary parties were before the court when the decree was rendered annulling the will under which the plaintiffs claimed, and that the decree was conclusive.

APPEAL from Gonzales. Tried below before Hon. George McCormick. The opinion states the case.

*F. G. Morris,* for appellant.—1. The suit to contest the validity of Rutledge's will, instituted by filing a petition making parties and praying for citation to a particular person in the usual manner, in the District Court of Gonzales County in 1852, by the surviving wife of Thomas P. Rutledge, joined by her then husband W. L. Foster, more than two years after the probate of the will, and by parties who never appeared in the Probate Court, was not an appeal from the judgment probating the will; and the question as to who were necessary parties to such an original suit was not governed by the rules controlling appeals from orders or judgments of the Probate Court by parties who have appeared in the Probate Court at the probating of the will in response to a general notice

to all persons interested; but the questions as to who were necessary parties to such an original suit, and as to what persons would be bound by a judgment rendered in such a suit, were governed by the general rules controlling ordinary suits brought and carried on *inter partes* in the District Court.

"Any person interested in any such will may, within four years after it is admitted to probate, institute suit in the District Court to contest its validity; provided, that infants, *femes covert*, and persons *non compos mentis* shall have the like period after the removal of their respective disabilities; and provided also, that any such will may be attacked for forgery or any other fraud at the suit of any heir at law of the testator, or any other person interested in his estate, at any time within four years after the discovery of such forgery or other fraud; and infants, *femes covert*, and persons *non compos mentis* shall have a like period after the removal of their respective disabilities." Pasch. Dig., art. 1262.

As to appeals. Pasch. Dig., arts. 1384, 1385.

As to meaning of "may institute suit." Franks v. Chapman, 61 Texas, 576.

That it lacks the essential elements of an appeal as to parties, etc. Bradford v. Andrews, 20 Ohio St., 222; Brown v. Burdick, 25 Ohio St., 260; Moore v. Guest, 8 Texas, 117; McArthur v. Scott, 113 U. S., 340, 407.

For contemporaneous construction and long practice of bringing such suits in the District Court against all parties interested. Moore v. Guest, 8 Texas, 117; Parker v. Parker, 10 Texas, 83; Hagerty v. Hagerty, 12 Texas, 456; Vickery v. Hobb, 21 Texas, 571; Becton v. Alexander, 27 Texas, 659; Franks v. Chapman, 60 Texas, 46; S. C., 61 Texas, 576.

2. The suit to contest Rutledge's will being instituted and carried on *inter partes* by W. L. Foster and wife as plaintiffs against the executor named in the will as sole defendant, without notice or authority for notice or citation to other persons interested in the will, it was not such a proceeding *in rem* as that the judgment therein rendered was, under the principles governing the proceedings *in rem*, binding on any person or persons other than parties and privies to the suit. In support of this proposition we make the following subordinate propositions:

(1) Suits to contest the validity of wills do not, under our system of law, partake of the nature of quasi proceedings *in rem*, as do the probate of wills and probate proceedings against a decedent's property to satisfy pre-existing charges or debts which constitute a charge upon the property to authorize a quasi proceeding *in rem* against the property dedicated by law to the payment of the decedent's debts. The property of the estate is liable for the debts of the decedent, whether it is administered under a will or not, and the question of will or no will, or the validity of the will, chiefly concerns the heirs at law and the beneficiaries under the will

with reference to the property that may be left after the debts are paid; and a suit by the heirs at law who had no antecedent right or charge upon the property to authorize a proceeding *in rem* is no more such a proceeding than a proceeding in equity by the heirs at law to cancel a deed made by their ancestor to a third party would be a proceeding *in rem.* Waple on Proceed. *In Rem,* secs. 32, 563; Holt v. Lamb, 17 Ohio St., 384.

(2)　Under the jurisprudence of Texas, as it existed at the time the suit in question was brought, a suit to contest the validity of a will, being in the nature of a bill of equity for specific relief, could not have been brought solely *in rem* against the will upon general published notice to all persons interested without making particular parties, because the only procedure authorized by our laws for instituting suits in District Courts, of this or any other character, whereby said courts could have obtained jurisdiction over persons or property, was by filing a petition instituting a suit *inter partes,* naming the plaintiff or plaintiffs and the defendant or defendants, and obtaining process against and service upon particular individuals; and there was not and is not any rule in this State which would make a judgment rendered in a suit to contest a will any more binding upon others than parties and privies to the suit than judgments rendered in any other character of actions.　Pasch. Dig., arts. 1425, 1427, 1428, 1430, 1433, and 1476; Perez v. Perez, 59 Texas, 322.

(3)　Judgments rendered even in actions *quasi in rem,* because brought to try the status or condition of a thing, are only binding on parties and privies to the suit, if such actions are brought *inter partes,* with notice or citation limited to the particular persons who are made parties to the suit. Woodruff v. Taylor, 20 Vt., 73, 76; Wells on Res Adjud., secs. 556, 557; Holt v. Lamb, 17 Ohio St., 384; McArthur v. Scott, 113 U. S., 340.

Notice is a jurisdictional fact, even in proceedings *in rem.* Windsor v. McVeigh, 93 U. S., 224; Pope v. Cutler, 34 Mich., 152; Gillet v. Seedham, 37 Mich., 143; Sitzman v. Pacquette, 13 Wis., 591; Corwin v. Merritt, 2 Barb., 341; Sheldon v. Wright, 5 N. Y., 518; Ridgney v. Coles, 6 Bosw., 486; Shibbey v. Waffle, 16 N. Y., 185; Bloom v. Curdick, 1 Hill, 140; Clark v. Holmes, 1 Doug., 364; Palmer v. Oakley, 2 Ind., 472; Green v. Bank, 2 Ind., 472; French v. Hoyt, 6 N. H., 370; Dakin v. Hudson, 6 Cov., 222; Doe v. Anderson, 5 Ind., 34; Rabbit v. Doe, 4 Ind., 356; Arnold v. Nye, 23 Mich., 292; Rydner v. Flanders, 30 Mich., 341; Bloom v. Burdrik, 1 Hill, 137.

*Harwood & Harwood,* for appellees.—It is well settled that the owners in expectancy of the contingent remainder, the contingency under which they are entitled to take not having happened, are not necessary parties to suits involving the realty.　Freem. on Judg., 3 ed., sec. 172; Story's Eq. Pl., secs. 144–46; Redmond v. Collins, 27 Am. Dec., 223; Lyle v.

Richards, 9 Serg. & R., 322; Dunwoodie v. Reed, 3 Serg. & R., 435; Abbott v. Jenkins, 10 Serg. & R., 296.

The suit instituted in the District Court of Gonzales County in 1852 by the surviving wife of Thomas P. Rutledge, joined by her then husband W. L. Foster, to contest the validity of the will of Thomas P. Rutledge and set aside the probate thereof, was a probate proceeding and in the nature of an action *in rem*. It is to be regarded in the nature of an appeal or revision of the previous judgment of the County Court admitting the will to probate, and as such its judgment is conclusive against all the world. A decree of a court of probate is a proceeding *in rem*, and as such binding on all persons. Bige. on Estop., 4 ed., pp. 205, 221; 3 Redf. on Wills, 3 ed., p. *63, and note 39; Steele v. Renn, 50 Texas, 481; Orr v. O'Brien, 55 Texas, 156; Box v. Lawrence, 14 Texas, 555; Ingram v. Ingram, Dallam, 519; Franks v. Chapman, 61 Texas, 579; Pasch. Dig., art. 1262, sec. 3; Parker v. Parker, 10 Texas, 85; Wells' Res Adjud., 340; Tibbitts v. Berry, 10 B. Mon., 473; Warfield's Will, 22 Cal., 51; Ballow v. Hudson, 13 Gratt., 682; Singleton's Will, 8 B. Mon., 356; The State v. McGlynn, 20 Cal., 235; Irwin v. Scriber, 18 Cal., 504; Donland v. Harrington, 29 Ala., 95; Woodruff v. Taylor, 20 Vt., 65; Wooley v. Ross, 24 La., 482; Hunt v. Acre, 28 Ala., 580; Scott v. Calvit, 3 How., 148; Nolle v. Fenwick, 4 Rand., 588; Hodges v. Banchman, 8 Yerg., 186; Willis v. Spriggins, 3 Gratt., 555; Guilford v. Love, 49 Texas, 733; Zacharie v. Waldrom, 56 Texas, 117; Stephenson v. McFaddin, 42 Texas, 322.

HOBBY, JUDGE.—This is an action of trespass to try title brought by the appellants, on the 13th day of January, 1886, against the appellees, to recover an undivided one-half interest in 1107 acres of land granted to Darwin M. Stapp.

The appellants deraign title to the land from and under the will of Thomas P. Rutledge, executed on January 7, 1848, and probated on April 29, 1850.

It was provided by the clause of the will under which appellants claim title that all property, real or personal, owned by the testator should vest first in Eliza Rutledge, his wife, for the period of twenty-one years from his death, at the expiration of which time it should go to any child or children of the testator he might have by his said wife. In the event of the death of his offspring by his said wife, the property was to vest in her for life. In the event of the death of his wife Eliza without offspring by him surviving her, his property should be owned equally by the children of Alsey S. Miller who survived the testator, and which he might have by his present wife. (Such are the appellees in this case.)

It was admitted that the land involved was the community property of Thomas F. and his wife Eliza Rutledge on the 7th day of June, 1848,

and continued so to be until the death of said Thomas P.; that they were married on June 25, 1846, and resided in Gonzales County; that one child, W. M. Rutledge, was born July 23, 1848, the issue of that marriage; that Thomas P. Rutledge died in January, 1850, leaving as his only surviving heirs at law said wife and child; that his will was executed June 7, 1848, appointing Alsey S. Miller, father of plaintiffs, executor; that the mother of plaintiffs (and wife of said Miller) was the sister of said Eliza; that in July, 1850, Eliza Rutledge married W. L. Foster, one of the defendants, and the other defendants are the children of this union; that said Eliza died on 25th February, 1881; that W. M. Rutledge died July 14, 1854; that the plaintiff T. H. Miller was born March 18, 1848, W. A. H. Miller January 1, 1846, and Mrs. M. F. Nicholls March 1, 1843; she married W. V. Ramsey July 21, 1861, who died November 1, 1869, and she married A. J. Nicholls, plaintiff, October 26, 1871. None of the plaintiffs were under disability in March, 1870.

Foster testified that the defendants had been in possession of the land since 1850 as a homestead, when he married Eliza Rutledge, the widow of Thomas P. Rutledge, and had paid the taxes on the same, except perhaps the first year, when they were paid by Miller, the executor; that A. S. Miller lived about five miles from the land, and raised his family there; the plaintiffs were born there and lived there until they attained their majority; plaintiff Mrs. Nicholls, up to the time of her marriage to Ramsey, lived at defendant's place about as much as at her father's; defendant Foster lived at Miller's place when he married said Eliza; the families were intimate, Alsey S. Miller's wife and Eliza Rutledge being sisters; "the matter of the judgment vacating the will was often discussed between us," and plaintiffs knew all about it, he supposed; a copy of the judgment was at his house.

On the 19th of April, 1852, Eliza Foster, formerly the wife of Thomas P. Rutledge, joined by her husband W. L. Foster, filed a petition in the District Court of Gonzales County, where the parties resided, against the executor under the will, to set aside and declare the same null and void.

The petition alleged that she was the relict of said Thomas P. Rutledge; the execution of the will on June 7, 1848, at which time he had a small amount of property and no children; that afterwards he had a child born to him, who is now living, named William M. Rutledge; that said deceased, late in 1849, and long after the birth of his child, left on a visit to Tennessee, and died on his return passage on January 10, 1850; and Alsey Miller, with whom his business was left, and the will found amongst his papers, felt it his duty to have the probate thereof made, and the same was done in Gonzales County on the 29th of April, 1850, and he was appointed executor thereon.  Your petitioners allege that all the property of the deceased was community property; that said will was made without reference to the contingency which took place, or at least before the

birth of the child, which was born some months afterwards; that the disposition made by the will of all the property is contrary to law, and is trammeled with conditions illegal and embarrassing to said Eliza Ann and the child, and should be set aside as void and contrary to law, and your petitioner, Eliza Ann, and the child have distribution under the statute. Petitioners set forth that the executor, Alsey S. Miller, has faithfully performed his trust, and has paid all debts, and has closed or is ready to close said estate, and it now becomes the duty of your petitioners to pray your honor to hear such proof as may be necessary; that the will be examined by your honor, and that the same be declared null and void, and that an order of distribution be made by your honor regardless thereof, and that the property in the hands of the executor now of right belonging to the estate be divided between the said Eliza Ann and W. M. Rutledge as heirs at law, and that the said heirs take according to law. Said Eliza Ann also prays for an order of your honor's court that she may have the benefits of the allowance made to widows, having received none heretofore. Your petitioner prays that Alsey S. Miller be made defendant hereto; that he be required to appear and answer this petition, and show cause, if any he have, why the prayer hereof shall not be granted; and that he be ordered to obey the decree of the court hereon. Your petitioners make profert of the will and order of the court hereon, and the letters of executorship to said Miller, closing with a prayer for general relief.

An answer was filed by the executor and by S. B. Conley, guardian *ad litem* for the minor W. M. Rutledge. The answer of the executor, Alsey S. Miller, admitted the truth of the material facts set forth in the petition. The minor and heir, W. M. Rutledge, through his guardian *ad litem*, answered, in effect neither admitting nor denying the allegations, and submitted the matters to the court.

The following judgment was rendered by the court:

"*Foster and Wife v. Miller, Executor*—253.—Saturday, October 22, 1852, came all the parties by their attorneys, and S. B. Conley, Esq., guardian *ad litem* for the minor William M. Rutledge, and the matters and things being all before the court by the pleadings and record evidence therein, the same was submitted to the court, and being heard, it is ordered, adjudged, and decreed by the court that the will of the deceased, Thomas P. Rutledge, made on June 7, 1848, and admitted to probate on April 29, 1850, be and the same is hereby declared to be null, void, and of no effect, and that the same be in all things set aside and held for naught. It is further ordered, adjudged, and decreed that the said Eliza Ann Foster, as relict of said Rutledge, deceased, and the said William M. Rutledge, minor, be entitled to take, receive, and hold all the property of said deceased jointly between them as heirs at law, be the same real, personal, or mixed, and subject to the action of the County Court of Gonzales County as to

distribution after the debts are paid and estate closed by the report of the executor, whose acts under the will are not impaired by the decree; and that said court is required to make the yearly allowance to the said Eliza Ann Foster in accordance with law and the order of said County Court. It is further ordered and adjudged that the executor, out of the funds of the estate, pay the costs herein expended, and that this decree be duly certified to the County Court for observance."

We do not deem it necessary to consider each of the assignments presented or to comment upon the many authorities cited in the elaborate briefs in support of the propositions respectively contended for by appellants and appellees, but shall confine our examination of the questions raised to those we believe to be decisive. There are three controlling propositions involved in this case, and the law of each we believe, upon principle and authority, to be settled adversely to appellants. If the law is so settled in either one of them, it precludes a recovery by appellants.

It is earnestly contended that the appellants were not parties to the suit in which the judgment vacating the will was rendered; that it is not therefore binding on them, and is subject to be impeached in this action; that they were necessary parties to the suit, and that it was not such a proceeding *in rem* as would be for that reason conclusive as to them.

Before determining whether this judgment is conclusive as to appellants upon the principle that a proceeding to probate or vacate a will is one *in rem* and binding upon the world, it may be well to ascertain whether the objection to the judgment upon the ground that plaintiffs were not parties to it has any foundation in fact; and whether they were parties to it depends upon the character of and legal consequences attached to the estate created by the will in favor of plaintiffs, and the relation established by law between such estate and other estates created by the same instrument in favor of other devisees who were parties to the judgment sought to be impeached.

The will of Thomas P. Rutledge bequeathed to his wife Eliza Rutledge all of his estate, real and personal, for and during the period of twenty-one years from and after his death. After the expiration of said twenty-one years it was provided that his estate should be " owned and enjoyed by my offspring or child or children by my said wife. In the event of the death of my said wife without offspring by me at her death which may survive her, I direct that all of my estate, real and personal, shall be owned equally by the children of Alsey S. Miller which may survive me which he may have by his present wife. In the event of the death of the offspring which I may have by my said wife, I direct that my said wife shall have all of my estate, real and personal, for and during her life," etc. Such are the estates created by the will, and applying to the estate created in favor of plaintiffs (upon the contingencies stated) the description given by the learned writers on this intricate branch of the law of a

contingent remainder, it would seem to belong to that class of estates. It was contingent upon an interest first of twenty-one years in favor of Eliza Rutledge, and again dependent on a life estate granted to her in the event of the death of the testator's offspring by her. It was contingent further upon the death of W. M. Rutledge, to whom an inheritable estate was devised, before it became vested in the appellants.

Tested, then, by the definition of a remainder—that is, an estate limited to an uncertain person, or to a certain person and a certain event, but not vesting in possession until the determination of the preceding estates (Wigram on Wills, p. 139)—the remainder in fee to plaintiffs was contingent upon W. M. Rutledge's death, but did not take effect in possession because of the estate for years and the estate for life in Eliza Rutledge, unless after it vested in plaintiffs her estate failed or was renounced, in which event it would vest in possession as fully as if her estate had terminated under the will.

Such being the estate of appellants, the next inquiry is, how far and to what extent they would be represented by those to whom other estates were devised in a suit to which such other devisees were parties.

After discussing the rule, "that persons having an interest in the subject matter should under all circumstances be before the court as parties," Judge Story says: "On the contrary, there are cases in which certain parties before the court are entitled to be deemed the full representatives of all other persons, or at least so far as to bind interests under the decree, although they are not or can not be made parties." Story's Eq. Plead., sec. 142. Citing examples in support of the rule, he says: "Upon similar grounds of a virtual representation of all proper interests where there is real estate in controversy which is subject to an entail, it is generally sufficient—all the parties having antecedent estates being before the court—to make the first tenant in tail *in esse* in whom an estate of inheritance is vested a party with those claiming the prior interests, without making any persons parties who may claim in remainder or reversion after such vested estate of inheritance. The tenant in tail, in such case, is equally the representative of all subsequent estates and interests." Id., sec. 144. "And a decree for or against such tenant in tail will generally bind those in remainder or reversion, although by the failure of all the previous estates the estates in remainder or reversion may afterwards vest in possession. * * * If there be no tenant in tail in being, the first person in being entitled to the inheritance should be made a party, and if there be no such person in being, then the tenant for life; and in such a case the decree made will bind the other persons not in being. So where a bill is brought by a tenant in tail, or by any other person having the first *estate of inheritance, other persons having a subsequent vested or contingent interest* will generally be bound by the decree, and will

be entitled to the benefits as well as the disadvantages thereof." Id.,
sec. 146.

An exception to this rule of virtual representation is said to exist
"where a person is in being, claiming under a limitation by way of
executory devise, *not subject to any preceding vested* estate of inheritance."

The rule on this subject is also stated by Mr. Freeman as follows: "If
several remainders are limited by the same deed, this creates a privity
between the person in remainder and all those who may come after him,
and a judgment for or against the former may be given in evidence for
or against the latter.

"So where lands were conveyed to be held, first for S. P. C. for life;
second, remainder to the heirs of his body; third, remainder to R. C. for
life; fourth, remainder to heirs of R. C.'s body; fifth, remainder in fee
to children of S. C.; in an action against the trustees the deed was set
aside. S. P. C. and R. C. dying afterward, the children of S. C. sued
to obtain their remainder in fee. It was held that the decree setting aside
the deed was binding on them; that the contingent remainder depended
on the legal fee and estate in S. P. C. intermediate, and was liable to
be destroyed by anything which defeated these estates. It is sufficient
to bring before the court the first tenant in tail in being, and if there be
no such tenant, then the first person entitled to the inheritance, and if no
such person, then the tenant for life." Freem. on Judg., sec. 172, and
cases cited.

Applying these principles to this case, we do not find appellants claim-
ing "under a limitation by way of executory devise not subject to any
preceding vested estate of inheritance," and therefore an exception to the
rule of virtual representation, because it was subject to the preceding es-
tate of inheritance of W. M. Rutledge. But we do find several remaind-
ers limited by the same instrument, and that of appellants dependent on
the estate of W. M. Rutledge, the vested estate of twenty-one years in
Eliza Rutledge, and the contingency of a life estate in her.

We find also that when the judgment vacating the will was rendered
in 1852, and that the person entitled to the first estate of inheritance, as
also the tenant for life and for years, were parties to the suit, their estates
were destroyed by this judgment; and if the principle be correct that the
estate in remainder is subject to destruction by anything which defeats
the preceding inheritable estate, it necessarily follows that such was the
effect upon the estate of appellants.

If the doctrine of virtual representation as announced in the authorities
cited applies where the tenant for life is made a party when there is no
person in existence having an estate of inheritance, by stronger reason
would it apply and include as a party the appellants when the person
having the inheritable estate was in existence and a party, as well also as
the tenant for life. It is to be observed in this connection that the execu-

tor, the trustee for the devisees under the will, was also a party to the judgment. Anderson v. Stewart, 15 Texas, 289; Hollis v. Dashiell, 52 Texas, 187. Upon the doctrine of virtual representation, it would seem, that in the absence of fraud at least, a decree rendered, to which persons possessing the interests in the subject matter of the decree were parties as above explained, would be binding upon the contingent estates dependent on these interests.

A judgment affecting the validity of a testament is an exception to the rule that only parties to the same or their successors are bound. Bige. on Estop., p. 12.

The statute (Pasch. Dig., art. 1262) under which the will was vacated did not declare who should be parties to the suit; and it has been repeatedly held in this State that in suits involving the title to land (and the suit to vacate the will involved the title to land) it is not necessary to make the heirs parties with the executor. Gunter v. Fox, 51 Texas, 383; Zacharie v. Waldrom, 56 Texas, 117; Guilford v. Love, 49 Texas, 715.

If, however, the appellants were necessary parties, we think under the authorities cited they were represented by the persons made parties owning the estate of inheritance and the life estate, together with the executor under the will, who was also a party.

The suit to set aside the will was instituted under article 1262, Paschal's Digest, the law then in force. This article, after providing the manner in which a will shall be probated, provides: " Any person interested in any such will may within four years after it is admitted to probate institute suit in the District Court to contest its validity. Infants, *femes covert,* and persons *non compos mentis* are allowed the same period after the removal of their respective disabilities within which to institute such suit," etc.

There can be no doubt that in October, 1852, the District Court was clothed with the jurisdiction to determine any contest with respect to the validity of a will. This question was settled in the early case of Parker v. Parker, 10 Texas, 86, which has been repeatedly cited since with approval, in which case it was held that independently of its general and enlarged powers to entertain such a suit, it was expressly conferred by the statute. Vickery v. Hobbs, 21 Texas, 571. The transfer of this jurisdiction under the provisions of the present Constitution was explained in Franks v. Chapman, 60 Texas, 46.  *  *  *  *  *  *  *

We are of opinion that there is no error in the judgment, and that it should be affirmed.

*June 28, 1889.*— Report of Commission of Appeals examined, and, without passing on other questions discussed in the report, we approve so much of the opinion as holds that the necessary parties were before the court when the decree annulling the probate of the will of Thomas

P. Rutledge was entered to give validity to that decree, and the judgment will be affirmed. —STAYTON, Chief Justice.

*Affirmed.*

An application of appellants for rehearing was granted.

*Frank G. Morris,* on rehearing, filed an elaborate argument.

## ON REHEARING AT GALVESTON.

STAYTON, CHIEF JUSTICE.—A rehearing was granted in this cause, and after reconsidering the case we are of opinion that the judgment was properly affirmed on the former hearing on the one ground then made the basis of the judgment, and now, as then, it becomes unnecessary to pass on other questions discussed in the opinion of the Commission of Appeals.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered March 11, 1890.