CASE 76—ACTION FOR CONSTRUCTION OF WILL—DEC. 19.

# Forsythe v. Lansing's Exrs., &c.

APPEAL FROM MERCER CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

CONSTRUCTION OF WILL—VESTED REMAINDER—DEFEASIBLE FEE.

Held:   K. devised the profits of a farm to her husband and to her
son W. for the life of the husband, providing that at the death
of the husband W. should take one-half the land, and that the
other half should be divided between his two brothers. It was
further provided by the will that if either of the three sons
should die childless his interest should go to the other two, and
that if two should die childless their interest should go to the
other brother. *Held*, that each of the sons took a vested re-
mainder, subject to be defeated by his death without children
before the time fixed when the devise should take effect, and, as
the limitation over was to the survivors or survivor, the three
collectively took a fee-simple title, and their joint deed passed
the fee.

W. C. BELL, ATTORNEY FOR APPELLANT.

T. H. HARDIN, FOR APPELLEES.

        (No briefs in the record.)

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This appeal involves the construction of the second,
third, and seventh clauses of the will of Mrs. Kate S. Lan-
sing, which read as follows, viz.: "Second, I give, will and
devise my farm, upon which I now live, about four miles
from Harrodsburg, Ky., on the Lexington turnpike, and
containing about two hundred and seventy-five acres (275)—
the same farm I purchased from T. C. Coleman—with all
the household and kitchen furniture, all of the stock on the
place, and farming implements, wagons, carriages, and
buggies, to my husband, R. G. Lansing, and my son W. L.

Lansing, for and during the balance of the life of my husband, R. G. Lansing. My said husband, R. G. Lansing, and son, W. L. Lansing, are each to have one-half of the net profits yearly from said farm during the life of my said husband, R. G. Lansing."

"Third. At the death of my husband, R. G. Lansing, then I will, give, and devise to my son, W. L. Lansing, all of the above-described personal property and one-half of said farm. The other half of said farm I will, give, and devise to my sons, Paul Lansing and James Lansing, each to have one-half of said half of said farm. If my sons can not agree upon a price for said farm, then and in that event said farm is to be sold by my executors, with power to convey by deed, and one-half of the proceeds of said sale is to go to and to belong to my son, W. L. Lansing; the other half to be divided equally between my sons, Paul Lansing and James F. Lansing. Said farm is not to be sold until one year after the death of my husband, and my son, W. L. Lansing, is to retain possession of it for said year."

"Seventh. If either of my sons die childless, then, in that event, his interest in my estate and the above devises is to go to the other two living brothers; and in event two of my sons should die childless, then their interest is to go to the other brother."

It will be observed that there is no limitation over to surviving grandchildren. The question is, did the sons of testatrix, take a vested or contingent remainder, under the will of the mother, in the real estate devised to them? A vested remainder gives a legal, definite interest, which they can convey. Kent (4 Comm., section 202) says: "An estate is vested when there is an immediate right of present enjoyment, or a present, fixed right of future enjoyment." The definition of a "vested remainder" in the New

York Revised Statutes appears to be accurately and fully expressed. It is, viz.: "When there is a person in being, who would have an immediate right of possession of the lands, upon the ceasing of an immediate precedent estate." Mr. Minor, in his Institutes (volume 2, page 388), says, after quoting Fearne's definition of "vested remainder" (page 216): "It is not the uncertainty of ever taking effect in possession that makes a remainder contingent; for to this extent every remainder is and must be liable, since the remainder-man may die, and die without heirs, before the determination of the particular estate. The present capacity of taking effect in possession, if the possession were to become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent."

Section 2342 of the Kentucky Statutes provides: "Unless a different purpose appear by express words or necessary inference, every estate in land, created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of." We are of the opinion that each of the sons of the testatrix took, under her will, in the land in contest, an estate known as a "defeasible fee;" that is, a vested remainder, which might be defeated by their death without children before the time fixed in the will when the devise should take effect. But, as in this contingency the limitation over is to the survivor of the brothers, the last survivor, in any contingency, would take a complete vested remainder in the property. And it follows that, collectively, appellees held a complete fee-simple title to the land sold and conveyed to appellant and their deed to him invested him with a fee-simple title thereto. It follows necessarily that the demurrer to his answer was properly sustained. Judgment affirmed.