### PETERS v. ALLEN.  (No. 7797.)

Court of Civil Appeals of Texas. San Antonio. June 8, 1927.

1. **Pleading ⬥110—Plea of privilege to be sued in county where land involved was situated, filed by minor through guardian ad litem during trial on merits, held properly overruled.**

Where minor sued in trespass to try title appeared by guardian ad litem, who answered suit and proceeded to trial on merits before filing plea of privilege to be sued in county where land was situated, plea was properly overruled.

2. **Appeal and error ⬥1043(8)—Error, if any, in overruling plea of privilege by minor, defended by guardian, to have suit tried in county where land involved was situated, held harmless.**

In suit in trespass to try title against minor, defended by guardian ad litem, error, if any, in overruling plea of privilege to be sued in county where land was situated, filed after guardian proceeded with trial on merits, *held* harmless.

3. **Venue ⬥17—Venue of trespass to try title, fixed in county where land is situated, is not jurisdictional, but privilege that may be waived (Rev. St. 1925, art. 1995, § 14).**

Under Rev. St. 1925, art. 1995, § 14, requiring suits in trespass to try title to be brought in county where land is situated, venue is not an exclusive jurisdictional question, but a privilege to litigant that may be waived.

4. **Infants ⬥85—Guardian ad litem's duty is not perfunctory nor to be lightly regarded in ward's interest.**

Duty of guardian ad litem appointed by court is not perfunctory nor to be lightly regarded in ward's interest.

5. **Infants ⬥82—Court should remove guardian ad litem, if ward's interest is not properly protected, and grant new trial.**

Where trial court sees that ward's interest is not properly protected, it is court's duty to promptly interpose in ward's behalf and, if necessary, remove guardian ad litem and appoint another and grant new trial.

6. **Reformation of instruments ⬥33—Widow devised fee-simple title held not necessary party, as executrix, to reformation of deed to daughter.**

Where will vested fee-simple title to land in widow, who conveyed property to daughter for life with remainder to children and to revert to grantor if daughter had no living children at time of her death, widow, as executrix under will devising property to her, was not a necessary party for reformation of deed to daughter or to suit to construe or reform deed.

7. **Deeds ⬥130—Deed individually or as executrix by widow vested with fee, conveying property to daughter with reverter to widow individually, reserved no interest in estate of widow's deceased husband.**

Where widow, vested by will of deceased husband with fee-simple title to land, gave deed individually or as executrix to daughter, providing for reverter to widow individually, her heirs, executors, administrators, or assigns in case daughter died without children living at her death, no interest in land conveyed to daughter was reserved in estate of widow's deceased husband.

8. **Parties ⬥84(1)—Nonjoinder of parties must be specially pleaded in due order of pleading in limine.**

Question of nonjoinder of parties to suit must be specially pleaded in due order of pleading in limine.

**9. Appeal and error ⪪187(3)—Nonjoinder of grantor as independent executor cannot be considered for first time on appeal, where not pleaded in suit to reform deed.**

Where question of nonjoinder of grantor in capacity of independent executor was not pleaded or presented in suit to reform deed, it cannot be considered in Court of Civil Appeals for first time.

**10. Process ⪪34—Incorrect dating of deed in citation in suit to reform deed held immaterial, where citation was otherwise correct.**

Where citation in suit to reform deed stated nature of demand, names of grantor and grantee, and all other necessary words sufficient for identification, it was immaterial that deed was incorrectly dated.

**11. Process ⪪34—Citation to suit to reform deed, giving page of deed record with names of parties to deed, sufficiently described deed.**

Citation to suit to reform deed, naming grantor and grantee and giving deed number of record in records of deeds of particular county, *held* to sufficiently describe deed.

**12. Infants ⪪105—Judgment in suit to reform deed held not void against minor represented by guardian appointed by court.**

Where minor was represented by guardian duly appointed by court, judgment rendered in suit to reform deed against minor was not void, though citation erroneously described date of deed.

**13. Appeal and error ⪪694(1)—Without evidence showing grantee had interest in land sufficient to support judgment reforming deed, Court of Civil Appeals cannot determine whether judgment was supported.**

In suit to reform deed, question whether grantee had sufficient interest in land to support judgment reforming deed depends on evidence, not pleading, and, where Court of Civil Appeals does not have before it evidence introduced in suit, court cannot go behind judgment to determine whether pleading or evidence was sufficient to support judgment.

**14. Reformation of instruments ⪪48—Judgment reforming deed held not subject to collateral attack.**

Judgment reforming deed, rendered in suit by grantee to reform deed, *held* not subject to collateral attack.

**15. Judgment ⪪681—Life tenant's child, entitled to remainder, born after judgment in life tenant's suit to reform deed to which sister was party, held bound by judgment; "virtual representation."**

Where life tenant's child, entitled to remainder, was born after judgment in suit to reform deed to which her sister and coremainderman was party, after-born child, by doctrine of "virtual representation," was bound by judgment reforming deed by eliminating remainder interest.

**16. Judgment ⪪686—Judgment in suit against one or more members of class devised property ordinarily binds other members of class, especially after-born members.**

Where one or more members of class to whom there is a devise are made parties to suit

affecting their common estate, judgment therein will ordinarily bind other members of same class, especially as to after-born members of same class who could not have been sued.

**17. Judgment ⪪707—Judgment is binding only on parties to controversy in which it is rendered.**

Judgments and decrees are binding only on those parties to controversy in which they are rendered.

**18. Equity ⪪54—Equity abhors restrictions prohibiting free transfer of property.**

Equity abhors technical rules and restrictions that tend to prohibit free and more simple rules of conveyancing, aiding transfer of property.

**19. Deeds ⪪133(4)—Deed to life tenant with remainder to children, but if no children are living at life tenant's death to grantor, passed remainder to all life tenant's children, subject to reverter to grantor.**

Deed conveying land to life tenant "to revert upon her death to her children," and if she have no children living at death title is to revert to grantor, conveyed remainder to all children who may be born to life tenant, subject to reverter to grantor.

**20. Deeds ⪪133(4)—Remainder to life tenant's children, under deed reverting property to grantor if no children are living at life tenant's death, held not contingent, but children became vested with defeasible fee on life tenant's death.**

Under deed conveying property to life tenant with remainder to children, subject to reverter to grantor if no children are living at life tenant's death, remainder was not contingent since children became vested with defeasible fee on death of life tenant, subject to be defeated by same contingency.

Error from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by Edwin D. Allen against Corinne Peters, a minor. Judgment for plaintiff, and defendant brings error. Affirmed.

H. S. Piland, of San Antonio, for plaintiff in error.

Ingrum, Smith & Gulley, of San Antonio, for defendant in error.

COBBS, J. This was a suit in trespass to try title filed in the Seventy-Third district court of Bexar county, Tex., on November 19, 1926, by Edwin D. Allen, a resident of Bexar county, Tex., against Corinne Peters, a minor, a resident of Kerr county, Tex., for the recovery of two tracts of land situated in Nueces county, Tex., one tract containing 100 acres of land, and the other tract containing 1,642.56 acres, both of said tracts being out of a larger tract of 5,665.7 acres of land out of the Puenticitas grant, and both of said tracts of land being more particularly described in plaintiff's original petition filed in said suit.

It was alleged and shown upon the trial:

---

⪪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That both the plaintiff and defendant claim said property 'through and under Lois S. Elliff, deceased, who is the common source of title. That the said Lois S. Elliff was the sole devisee under the will of her deceased husband, J. S. Elliff, who died July 3, 1900. That she was duly appointed as the independent executrix of the estate of J. S. Elliff, deceased, on September 18, 1900, and that the said Lois S. Elliff, as such independent executrix, filed an inventory and appraisement on September 19, 1900 showing real estate belonging to said estate situated in Nueces county, Tex., aggregating 33,563½ acres, which included the land in question in this suit.

That by deed dated March 19, 1901, the said Lois S. Elliff, both in her individual capacity and as independent executrix of the estate of J. S. Elliff, deceased, conveyed to her daughter, Georgia A. Elliff, 5,665.7 acres of land out of the Puenticitas grant, in Nueces county, Tex., which included the land sued for by the plaintiff. The habendum clause of said deed contained the following language:

"To have and to hold all and singular the above-granted premises, together with appurtenances thereunto belonging unto the said Georgia A. Elliff, for and during the natural life of her, the said Georgia A. Elliff, the same to revert upon her death to the children of her, the said Georgia A. Elliff, should she have any children; (but in the event that she, the said Georgia A. Elliff, should have no children living at the time of her death, then the title to the above-described property to revert to me, the said Lois S. Elliff, and my heirs, executors, administrators, or assigns)."

That on April 4, 1908, the said Georgia A. Elliff, who was then married to S. Ross Peters, brought suit joined by her said husband in the district court of Nueces county, Tex., in cause entitled Georgia A. Peters and S. Ross Peters v. Lois S. Elliff et al., and numbered No. 4342 on the docket of said court, making defendants in said suit the said Lois S. Elliff, in her individual capacity alone, and Leota Peters, daughter and the only child then living of said Georgia A. Elliff (Peters), and by which suit the said Georgia A. Elliff sought to have the aforesaid deed reformed and construed as vesting a fee-simple title in said Georgia A. Elliff, and, in the alternative, to have said deed corrected as to eliminate and omit the clause and provisions thereof creating a remainder over to the children of said Georgia A. Elliff. That in the citations served on the defendants in the aforesaid suit it was stated as follows:

"The nature of the plaintiff's demand is as follows, to wit: Suit to construe a deed dated the 24th day of December, 1900, from Lois S. Elliff and Lois S. Elliff, independent executrix of the estate of J. S. Elliff, deceased, to Georgia A. Elliff (now Georgia A. Peters), recorded in volume 7, on pages 345, 346, Records of Deeds of Nueces County, Tex., and to correct a mistake in said deed, all as shown in plaintiff's original petition filed herein."

That the said Leota Peters was a minor at the time said suit was brought and judgment rendered therein and was represented in said suit by a guardian ad litem appointed by said court.

That on the 21st day of July, 1909, a judgment was rendered in said cause, in and by which the habendum clause of said deed was changed to read as follows:

"To have and to hold all and singular the above-granted premises, together with the appurtenances thereunto belonging, unto the said Georgia A. Elliff for and during the natural life of her, the said Georgia A. Elliff, then the title to the above-described property to revert to me, the said Lois S. Elliff, and my heirs, executors, administrators, or assigns."

That on the 2d day of July, 1909, the said Lois S. Elliff, both in her individual capacity and as independent executrix of the estate of J. S. Elliff, deceased, executed a new conveyance in and by which she sought to grant unto the said Georgia A. Elliff (Peters) the entire title and estate to and in said land. That by general warranty deed dated May 25, 1922, the said Georgia Elliff Peters, then a widow, conveyed a portion of the property in question to one J. C. Ingram, who on December 23, 1924, conveyed the same to Edwin D. Allen, the plaintiff in this suit. That by general warranty deed dated October 1, 1912, the said Georgia A. Elliff Peters and husband, S. Ross Peters, conveyed another portion of the property in question to one J. E. Hughson, and by mesne conveyances said property also came into the possession of the said Edwin D. Allen, plaintiff in this suit.

Corinne Peters was personally served with citation in this case in Kerr county, the county of her residence. By an order of the court duly made and entered H. S. Piland, an attorney of the San Antonio bar, was appointed guardian ad litem for the purpose of defending this suit for said minor defendant.

The cause proceeded to trial on December 14, 1926, and during the progress of the trial defendant, Corinne Peters, filed a sworn plea of privilege to be sued in Nueces county, Tex., where all of the real estate in question was situated. Plaintiff filed a controverting answer, setting up as a defense to defendant's plea of privilege, that the defendant, before filing said plea of privilege, had filed answers to the merits of the suit and had proceeded with the trial of the case on its merits and had thereby submitted to and invoked the jurisdiction of the court and had waived her privilege to be sued in Nueces county. The court overruled the defendant's plea of privilege, to which action of the court the defendant duly excepted and filed her bill of exceptions thereto. The court then, on the 16th day of December, 1926, proceeded to render judgment in this cause in favor of the plaintiff, Edwin D. Allen, for the title and possession of said property and divesting all right, title, and interest in said property out of the

said Corinne Peters and vesting the same in said Edwin D. Allen.

Defendant in error accepts as true the statement of the case as made by plaintiff in error, with the qualification that defendants were not personally present in the Nueces court at the trial of said cause, but had been duly served by citation, and any implication that the judgment was rendered on the original petition is denied.

As the petition contains an accepted statement of the facts of the case undisputed, it has been here copied substantially as the basis of our opinion.

[1] On the question of venue, in view of the fact that the minor appeared through and by her guardian ad litem, who answered to the suit before filing a plea of privilege, we do not think a proper showing has been made, requiring us to adopt a different rule of practice in favor of minors, acting by and through their guardian ad litem, than that by any other litigant.

[2] The error, if any, in this case on that point seems altogether harmless.

We do not think there is anything in the cases cited (Lopez et al. v. Calzado [Tex. Civ. App.] 281 S. W. 324; Madero et al. v. Calzado [Tex. Civ. App.] 281 S. W. 328; Knight v. Waggoner [Tex. Civ. App.] 214 S. W. 690; article 1995, § 14, Revised Civil Statutes of Texas; 31 C. J. 1143 [§ 304]; 14 R. C. L. 287–292) that requires us to sustain the plea.

[3] While article 1995, § 14, R. S., in fixing venue says such suits "must be brought in the county" where the land is situated, it is not an exclusive jurisdictional question, but a privilege to a litigant that may be waived.

[4] Of course, the duty of a guardian ad litem appointed by the court is not perfunctory, nor to be lightly regarded in the ward's interest. Certainly, her interest has been wonderfully well protected here as will be seen from the able brief which the guardian ad litem has here urged and presented.

[5] We do not feel that we should make a rule of procedure in favor of minors acting through their guardian ad litem, other than that enjoyed by other litigants. It must be remembered that the doctrine that minors are wards of the court, whose interests the courts shall protect, is as ancient as the common law, "where the memory of man runneth not to the contrary." In other words, if the trial court sees that the ward's interest is not properly protected, it is the court's duty to promptly interpose in the ward's behalf to remedy the error, and, if necessary, remove the guardian ad litem and appoint another and grant a new trial. The position is so delicate that no attorney should accept it unless he shall give to it, in the interest of the minor, the very best of his skill and ability, acting as though it were under his oath. In this case we can see no harm that has followed the action of the guardian ad litem or in the failure of the court to consider the plea

of privilege after the guardian ad litem had so well and ably answered to the merits of the case. This assignment is overruled.

[6] The will of J. S. Elliff, deceased, vested the fee-simple title to the land in Lois Elliff, who, as executrix under the will, was not a necessary party for the reformation of the deed to said property to Georgia A. Elliff, the remote grantor, nor necessary party to the Nueces county suit, either to construe or reform said deed.

[7] The deed from Lois S. Elliff individually, or as executrix, reserved no estate nor interest in the land conveyed in the estate of J. S. Elliff, deceased, the reverter being to Lois S. Elliff, individually, her heirs, executors, and administrators or assigns. It was a suit in Nueces county to vest the fee-simple title in Georgia A. Elliff, or to reform the same so as to eliminate the remainder devised to the children of Georgia A. Elliff.

[8, 9] As the question of nonjoinder of parties to a suit must be specially pleaded in due order of pleading in limine, and it not appearing that the nonjoinder of Lois S. Elliff, in her capacity as independent executrix, was pleaded in the Nueces county suit or presented, it cannot be considered here for the first time.

[10] The citation served on the defendants in the Nueces suit having stated the nature of the demand as a suit to construe and correct a mistake in a deed, correctly stating the names of the grantor and grantee in the deed and all other necessary words sufficient for identification, it is immaterial that it was incorrectly described in the citation as bearing date December 24, 1900, instead of March 19, 1900.

[11] The deed was fully described, giving page number of its record in the deed records of Nueces county. Pipkin v. Kaufman, 62 Tex. 545; Williams v. Manix (Tex. Civ. App.) 105 S. W. 520; Hinzie v. Kempner, 82 Tex. 620, 18 S. W. 661; Sperry v. Sperry (Tex. Civ. App.) 103 S. W. 421; Loungeway v. Hale, 73 Tex. 497, 11 S. W. 537.

[12] Independent of the error claimed in the citation, Leota Peters was represented by a guardian duly appointed by the court, hence the judgment rendered in said suit against Leota Peters was not void. Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639; Russell v. Railway, 68 Tex. 646, 5 S. W. 686; Sprague v. Haines, 68 Tex. 215, 4 S. W. 371; Kremer v. Haynie, 67 Tex. 451, 3 S. W. 676; Wheeler v. Ahrenbeak, 54 Tex. 536.

[13, 14] As to whether Georgia A. Elliff had such interest in the land in Nueces county sufficient to support the judgment is dependent upon evidence and not upon any pleading, and this court does not have before it the evidence introduced in the Nueces county suit, and therefore cannot go behind the judgment to determine whether or not the pleadings or evidence were sufficient to support the judgment. The Nueces court judgment from any-

thing shown here cannot be attacked collaterally.

The record in this case shows when the Nueces judgment was rendered Mrs. Peters had secured from her mother, Mrs. Elliff, an absolute deed to the property conveying whatever reversionary interest Mrs. Elliff had therein. The effect of that judgment eliminated the provision in the first deed creating a remainder in favor of the children of Mrs. Peters, who survived her, so as to place whole title in Mrs. Peters. This deed was executed July 2, 1909, and the judgment was rendered thereafter on July 21, 1909.

Undoubtedly, without the absolute deed, Mrs. Peters had an interest in removing the remainder interest of her children, thus to leave the property to revert to her mother, her heirs, and assigns on the death of the life tenant, in the probable event that Mrs. Elliff, the mother, should predecease Mrs. Peters; she, as the heir, would inherit part of the reversionary interest in the property. At any rate, this court will not look behind the judgment of the Nueces court to pass upon the sufficiency of the pleading and the evidence upon which the judgment was rendered.

[15] Corinne Peters was, as shown, born after the rendition of the judgment, but her sister, Leota Peters, her coremainderman under the reformed deed, was a party to the suit. She had the same interest in defending against said suit that Corinne Peters would have had had she been in esse and a party thereto, and so, she, by the doctrine of virtual representation, was bound by that judgment.

For a discussion of the rule of virtual representation, see 4 Corpus Juris, p. 1000, § 1421; Weberpals v. Jenny, 300 Ill. 145, 133 N. E. 62; Baylor v. Dejarnette, 13 Grat. (Va.) 152; Miller v. Foster, 76 Tex. 479, 13 S. W. 529, approved in Miller v. Texas & Pacific Ry. Co., 132 U. S. 662, 10 S. Ct. 206, 33 L. Ed. 487; Kendall v. Crawford, 77 S. W. 364, 25 Ky. Law Rep. 1224.

On March 10, 1901, Lois S. Elliff, individually and as the executrix of the estate of J. S. Elliff, deceased, executed a deed reciting that:

"For and in consideration of the sum of $10 to me in hand paid by Georgia A. Elliff, of the county of Nueces, aforesaid, the receipt of which is hereby acknowledged to my entire satisfaction, and for the further consideration of the natural love and affection that I bear towards her, the said Georgia A. Elliff, my daughter, have granted, bargained, transferred, assigned, and conveyed, and by these presents do grant, bargain, transfer, assign, and convey unto the said Georgia A. Elliff, the following described tract, piece, or parcel of land lying and being situated in the county of Nueces and state of Texas,"

—describing and conveying 5,665.7 acres of land out of the Puenticitas grant, made by the government of Spain to Andres Hernandez de la Fuente, and including the land involved in this suit. The habendum clause of said deed reads as follows:

"To have and to hold all and singular the above-granted premises, together with the appurtenances thereunto belonging, unto the said Georgia A. Elliff for and during the natural life of her, the said Georgia A. Elliff, the same to revert upon her death to the children of her, said Georgia A. Elliff, should she have any children; (but in the event that she, the said Georgia A. Elliff, should have no children living at the time of her death then the title to the above-described property to revert to me, the said Lois S. Elliff, and my heirs, executors, administrators, or assigns)."

On April 4, 1908, the said Georgia A. Elliff (Peters), joined by her husband, S. Ross Peters, brought suit in the district court of Nueces county against Lois S. Elliff and Leota Peters, a minor, the said Lois S. Elliff being the mother, and the said Leota Peters being the daughter, of said Georgia A. Elliff (Peters), reciting in effect that said deed on its face vested the fee-simple title in the said Georgia A. Elliff, or, in the alternative, that it was the understanding and intention of the grantor in said deed to convey said land to the said Georgia A. Elliff during her natural lifetime and at her death to revert to the said grantor, and praying for relief either so construing said deed or reforming the same according to the intention of the grantor, as aforesaid.

Both the defendants Lois S. Elliff and Leota Peters, a minor, were personally served with citation in said suit. A guardian ad litem was appointed to represent the said minor defendant, filed an answer for her, and represented her at the trial of said suit. On July 21, 1909, the court rendered judgment in said suit, reforming the habendum clause in said deed so as to read as follows:

"To have and to hold all and singular the above-granted premises, together with the appurtenances thereunto belonging, unto the said Georgia A. Elliff for and during the natural life of her, the said Georgia A. Elliff, then the title to the above-described property to revert to me, the said Lois S. Elliff, and my heirs, executors, administrators, or assigns."

Georgia A. Elliff Peters testified in this present suit, by deposition, that she was the daughter of J. S. Elliff and Lois S. Elliff, both deceased; that she was the plaintiff in the said Nueces county suit; that Leota Peters, one of the defendants in said suit, is her daughter; that she never had any child or children other than Leota Peters, living at the time the Nueces county suit was brought, or at the time the judgment was rendered therein; that Corinne Peters, the plaintiff in error herein, is her daughter; that she was born February 10, 1912; that no other child or children have been born to her except Corinne Peters since the judgment

was rendered in said Nueces county suit on July 21, 1909.

[16, 17] It is almost a universal rule of necessity and equity where one or more members of a class to whom there is a devise are made parties to a suit affecting their common estate or interest in realty, a judgment therein will ordinarily bind other members of that class. Especially so as to after-born members of the same class, who, in the very nature of things, cannot be sued. The exception to this rule was claimed to be made in North Carolina cases where the devise over is to such children as may survive another person living on the happening of a certain event, such children before the death of such person or the happening of such event are not members of a class because it cannot be known whether any given child will be living at that time, and the member of the class cannot be ascertained until the death of the person or the happening of the event that determines the question. This contention is urged by plaintiff in error. But this rule seems now to be changed by statute for North Carolina; at any rate, it will not be followed here. Out of the power of equity, like many rules of absolute right for the aid of mankind in the overthrow of needless technical rules that tend to defeat the wholesome administration of the affairs of men rather than to aid them, has arisen the doctrine of convenience and necessity, called "virtual representation" with the qualification to that rule, that judgments and decrees are binding only upon the parties to the controversy. Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693; Mathews v. Lightner, 85 Minn. 333, 88 N. W. 992, 89 Am. St. Rep. 558.

In Hale v. Hale, 146 Ill. 227, 33 N. E. 858, 20 L. R. A. 247, the court illustrates the evil of the doctrine here contended for:

"But the question is, whether the court has the power, by its decrees, to alienate the contingent titles of unborn remaindermen, who, from the nature of things, cannot be made parties, or be represented in the proceedings before the court: or to alienate the contingent titles of persons, who, though in esse, are resident in other states, or in foreign lands, whose residences, and even whose names are unknown. To say that the court could not, under circumstances like these, convey away the fee, would be to assert a doctrine that would render conditional limitations and contingent remainders an intolerable evil to a growing and prosperous community. Thus to shackle estates without the power of relief, unless every person having a contingent and possible interest could be brought before the court, would be to sacrifice the rights and interests of the present generation to those of posterity, and of citizens to aliens. If the whole property of the country were thus situated, it is obvious that all improvement and advance would be completely checked."

[18] Equity abhors technical rules and restrictions that tend rather to prohibit the free and more simple rules of conveyancing, that aid the transfer of property, than that which tends to shackle and restrict commerce.

There is the same necessity as far as possible to encourage trade and adjudicate property rights of the unborn, who are not in esse, but who may come into being and still be cut off as remaindermen by early demise, as those whose birth invests them with the remainder.

[19, 20] We think the language in the remainder clause in the deed and the condition, construed together, means that the remainder estate is to pass to all the children who may be born to Georgia A. Elliff. But if there be no children living at the time of her death, the title reverts to the grantor, her heirs, and assigns. Therefore the remainder is not a contingent remainder, because all the children of Georgia A. Elliff became at her death vested with a defeasible fee, subject to be defeated by the same contingency. Forsythe v. Lansing's Ex'rs, 109 Ky. 518, 59 S. W. 854; Walker v. Alverson, 87 S. C. 55, 68 S. E. 966, 30 L. R. A. (N. S.) 115.

It is said by Chief Justice Phillips, in Caples v. Ward, 107 Tex. 341, 179 S. W. 856:

"An estate limited upon a contingency, to which the effect of a condition subsequent only is given, vests at once, subject to * * * the happening of the contingency."

And quoting from 4 Kent, 204:

"A limitation, after a power of appointment, as to the use of A. for life, remainder to such use as A. shall appoint, and in default of appointment, remainder to B., is a vested remainder [to B.], though liable to be divested by the execution of the power."

For the reasons given, we overrule all the assignments presented and urged by plaintiff in error, and affirm the judgment of the trial court.