JOHNSTON et al. v. JOHNSTON et al. (No. 9689.)

(Court of Civil Appeals of Texas. Dallas. Oct. 31, 1925. Rehearing Denied Nov. 7, 1925.)

1. Wills ⊂⇒524(5)—Devise to son for life, remainder to children, is devise to class of all children regardless of time of birth.

A devise to son for life, remainder to his children, is a devise to a class composed of all children of son without regard to time of birth, where no members of class were then in being, so that no reference could have been made to any particular child.

2. Wills ⊂⇒635—Devise to son for life, remainder to children, gives vested remainder to children living and contingent remainder to after-born children.

A devise to son for life, remainder to his children, taking effect after birth of two children, gives such children a vested remainder but subject to contingencies of other members being born into class who are included in devise and whose estate is a contingent remainder which continues as long as contingency exists; that is, until death of life tenant.

3. Remainders ⊂⇒16—Decree ordering sale of land and appointment of receiver held justified.

Where evidence showed that an estate left to life tenant, remainder to his children, which though increasing in value was in danger of becoming lost by reason of accumulation of unpaid taxes, the court was justified in decreeing a sale of land and appointment of a receiver to invest proceeds and hold same for heirs.

4. Remainders ⊂⇒16—Decree appointing receiver, and ordering sale of land left to life tenant and remainder to children who might be born of him, held proper.

Where estate was left to life tenant, remainder to all children that might be born of him, a decree ordering sale of land and reinvestment by receiver of proceeds held not objectionable on ground that after-born children could not be bound by decree, since such after-born children are represented by living members of class to which they would belong when born.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by Jas. F. Johnston and others against Wm. F. Johnston and others. Judgment for plaintiffs, and all parties appeal and assign error. Reformed and affirmed.

W. H. Reid, of Dallas, for plaintiffs.

Thompson, Knight, Baker & Harris, of Dallas, for defendants.

JONES, C. J. At the time of the filing of this suit in the district court of Dallas county, the following state of facts existed in reference to the subject-matter of litigation:

Jas. F. Johnston owned an estate for life in a tract of 50 acres of land adjoining the corporate limits of the city of Dallas and, as such owner, was in possession of said land and had been in possession for a number of years, collecting the rents and revenues on same. This land, because of its broken surface, was not adapted to agricultural purposes; only a small portion of same being tillable. The improvements thereon were old and badly in need of repair. The land adjacent to this property on each side has been platted for residential additions to the city of Dallas, and costly improvements have been made thereon in the way of paving the streets and the laying of water mains, the placing of sewerage and water, electric lights, etc., at great cost to the owners of said additions. The market value of the said 50 acres of land has been greatly enhanced thereby in value and the taxes thereon greatly increased. At the time of the filing of this suit, and for some years preceding, this land had been leased for a dairy; it being the only use to which it could be subjected and earn a revenue. The income from this rental was approximately $600 per year and all the property could be made to earn without a large outlay of money. This income was insufficient even to pay the taxes, much less to make the needed improvements. In fact, from the time the life tenant had come into possession of his estate, his ownership had been a liability and not an asset. This land is becoming more valuable every year and will continue to do so, and the taxes will thereby be increased. In all probability in the near future this land will be included in the corporate limits of the city of Dallas and a very large increase in taxes will thereby be occasioned. The estate owned in the land by the said Jas. F. Johnston was devised to him by his parents, J. S. Johnston and Mary Johnston, from their community estate. Both of the said parents died testate and the will of each disposed of the entire community estate. The clause devising the life estate to the said Jas. F. Johnston is in the same language in each will, and is as follows:

"To my son, James F. Johnston, I devise for the term of his natural life, with remainder to his children, the following described property."

Then follows a description of the said 50 acres of land. Each of these said wills was executed on September 29, 1894, and each provided, in effect, that the devises made should not become effective until the death of the surviving spouse. Both of these wills were duly probated in Dallas county, Tex. J. S. Johnston died February 14, 1899; Mary Johnston died January 25, 1901. They left surviving them a number of children, each of whom had been devised specifically described property, and on the death of Mary Johnston each went into possession of the estate devised to him. At the time of the filing of this suit, the said Jas. F. Johnston was 54 years of age and his wife was 58 years of age. Four children had been born to them, all of whom were made parties to this suit: Lillian Estelle, now the wife of R. H. Magee, was born July 16, 1897; Jimmie Mae, now the wife of Henry Tyler, December 20, 1899; Wm. F. Johnston, June 28, 1902; and Eva Delta Johnston, July 17, 1904. All of said children are living and all of legal age, the youngest having had her disablilty of minority removed.

Either the two older children of Jas. F. Johnston, who were in being at the time the above devise took effect, jointly owned the estate in remainder created by this said devise, or all of said children owned jointly said estate, depending on the construction to be given said devise. The said Jas. F. Johnston is financially unable to pay any charges against said land in excess of its income. The said children are likewise unable to pay any charges that may accumulate against the estate. The estate, therefore, is in grave danger of being greatly impaired in value, if not entirely lost, by the accumulation of unpaid taxes, unless a sale of the land can be legally perfected.

Unable to sell the property because of the contingency of after-born children to Jas. F. Johnston, the holder of the life estate, and which after-born children might take under the said devise and not be bound by any sale that should be made by the parties, Jas. F. Johnston and his two daughters, Mrs. Magee and Mrs. Tyler, joined by their husbands, filed this suit in said district court. In the petition the facts in reference to their ownership of the property, its unproductiveness and all the conditions that threatened its destruction, as well as the fact of its present high market value because of its favorable location, were fully set forth by appropriate allegations. The said two daughters also alleged that they were the only two children of the class named in said devise that were in being at the time the devise in the wills of their said grandparents took effect, and that therefore they took at said time a vested remainder in the said land and were the sole owners of said estate in remainder. They, however, alleged in the alternative that if mistaken in such construction of the said devise, then they, together with Wm. F. Johnston and Eva Delta Johnston, were the only children that had been born to said Jas. F. Johnston, and that they were the sole joint owners of the estate in remainder created in said land by said devise, and they prayed

that the said two other children be made parties defendant to this suit. These two said children named as defendants made their appearance and answered by general demurrer, general denial, and by special answer, in which they admitted they were born subsequent to the vesting of the title to the said estate in remainder, but alleged that when born they each took a vested title in remainder to the estate so created. Their answer also admitted that a necessity existed for the sale of said land and the reinvestment of the proceeds in other property, but denied the power and authority of the court to authorize such sale.

The prayer of the plaintiffs authorized the judgment rendered herein. The facts alleged in the petition were established by proof, and the court concluded that the parties were entitled to the relief sought, and, after an elaborate finding of the facts, which is set out in the judgment, entered the following decree:

"It is ordered, adjudged and decreed by the court that the property hereinbefore described be taken into custody and possession by a receiver appointed by this court and sold at private sale for the best price and terms, and at such price and upon such terms as may be approved by this court, and Frank R. Guinn, being a bona fide citizen of the State of Texas and qualified to vote, and not being an attorney, party or any person interested in any way in this action, is hereby appointed receiver and trustee herein to sell said property and to perform such other duties as may be required of him under this judgment and the further orders of this court; and said receiver and trustee, as aforesaid, shall receive the proceeds from such sale and shall invest the same and reinvest the same, under proper orders of this court, in other property or properties, to be approved by the court, and after paying all expenses incident thereto, he shall pay over the net revenue therefrom to the said James F. Johnston, plaintiff herein, so long as the said James F. Johnston shall live; and upon the death of said James F. Johnston, the said receiver and trustee, or his successor, shall then distribute the whole of the estate in his hands among the children of the said James F. Johnston who shall be then living, and to descendants of any deceased child or children of said James F. Johnston who may then be dead, giving to each child and the descendants of each deceased child then living a share of the whole of said estate equal in proportion thereto as the said child or representatives of said child share in proportion to the whole number of said children then living or represented by living heirs; that said receiver and trustee be, and he is hereby authorized to offer said property for sale and to sell the same and pay to any agent selling the same the usual and customary commission for such service, and the costs of this litigation, including attorneys' fees in sum and amount as may hereafter be determined by the court, and said receiver and trustee shall enter into a bond in the sum of $10,000 to be approved by the court conditioned as required by law.

"And it is further ordered, adjudged, and decreed by the court that the said Frank R. Guinn, or his successor, as receiver as aforesaid, shall make and deliver proper conveyances of said property or of other property hereafter acquired by him, when sold under appropriate orders and with the approval of this court, and that all such other and further orders, writs, judgments and decrees shall from time to time be granted and entered herein as shall be or become necessary to carry out and effectuate this judgment."

All parties excepted to this decree and have duly perfected their respective appeals to this court. It is not deemed necessary to state the respective assignments of error, as their purport will appear from the matters herein discussed.

[1] The devise which created the estate in remainder is a devise to a class, its members to be composed of all the children born to Jas. F. Johnston, and this without regard to the time of the birth of any child. At the time the wills of the two grandparents were executed, there were no members of this class then in being, and no reference could have been had by the testator or testatrix to any particular child or children. At the time the devise in remainder to this said class took effect, there were two members in being, to wit, Mrs. Magee and Mrs. Tyler, and the estate in remainder immediately vested in them as the sole representatives of said class then in being, subject, however, to such estate opening to let in after-born children of this class. Alexander on Wills, vol. 2, pp. 887–890; Underhill on Wills, vol. 2, § 558; Schuler on Wills, § 530; McArthur v. Scott. 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015; Doe v. Considine, 6 Wall. 458, 18 L. Ed. 869; 28 R. C. L. pp. 265, 266.

In Underhill on Wills, supra, the rule is clearly announced as follows:

"Where the distribution to or among children is to come after a prior life estate, a different rule is applicable than where it is immediate; for if the distribution or the possession of the property devised in remainder to children is not to be made or enjoyed until a period has elapsed to the death of the testator, a gift to children as a class will embrace not only all children who are living at the testator's death, and compose the class at that time, but also all who were born before the period of distribution arises. * * * Thus, suppose the testator shall give property to A. for his life and after his death to the children of A. in remainder; all the children of A. who are living at the death of the testator, and all of A.'s children who are born during his life, will constitute the class of the period of distribution."

[2] At the time this devise took effect and the said two older children became vested with title to the estate in remainder as the only members of the class then in being to whom such estate was devised, there existed the contingency of other members being born into this class, and this vesting of title was subject to such contingency. These contingent members were just as surely described in

the devise as were those who were in being at the time of the taking effect of said devise; so, under this devise, the law creates another estate in favor of such contingent members of the class and terms it a "contingent remainder." In other words, the estate that vested in the said two older children as a vested remainder was subject to an estate in contingent remainder in favor of after-born members of the class. This latter estate continues as long as the contingency exists, and, in the instant case, until the death of Jas. F. Johnston. When the other two children were born, the estate of each was changed immediately to one of a vested remainder in this land, but with a continuance of the estate in contingent remainder because the contingency of after-born children still existed. This estate was before the court at the time this decree was entered because it rested in the land made the subject of the decree. The decree entered, therefore, will have to be reformed so as to provide that upon the death of the said Jas. F. Johnston the said receiver and trustee, or his successor, shall then distribute the whole of the estate in his hands among and to: (a) The children of the said Jas. F. Johnston now living, viz., Jimmie Mae Tyler, Lillian Estelle Magee, William F. Johnston, and Eva Delta Johnston, and to their respective heirs per stirpes, assigns, and legal representatives; and (b) the children of the said Jas. F. Johnston hereafter born, if any, their respective heirs per stirpes, assigns, and legal representatives; the portion of each child now living, and the portion of each child hereafter born, if any, to be an equal undivided portion in such distribution; and the said decree is accordingly so reformed.

[3, 4] Under the case presented by pleading and proof, the court was clothed with power to enter such decree that in the court's judgment would best protect the interests of all parties who own this estate. After a full hearing, it was the solemn judgment of the court that the interest of all parties could best be protected by ordering a sale of this property and the investment of the proceeds of such sale in other property that would be revenue producing. It appears that no other conclusion could have been reached by the trial court. In order to make such sale and investment of the proceeds, it was necessary for the court to appoint a receiver to take charge of this property for all the parties at interest, to sell same at the highest obtainable price under approval of the court, and to invest the proceeds in other property, likewise under the approval of the court. The only objection urged to such action is that if there should be after-born children to Jas. F. Johnston, they would not be bound by this decree. There is no merit in such contention, for courts are not required to withhold jurisdiction in a case of this kind because of a contingency that others might come into existence at some future date who would have an interest in the property and who would not be bound by the decree entered because they were not parties and, therefore, had no representation in the trial of the case. The authorities are uniform in holding that the after-born children were represented by the living members of the class to which they would belong when born. Such holding is based on the sound reason that the interest in preserving this estate is just as strong on those who are living as it could be on those who may be after-born, and their interests are in law just as much protected through such representation as they would be were they actually in being and parties to the suit. McArthur v. Scott, 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015; Denegre v. Walker, 214 Ill. 113, 73 N. E. 409, 105 Am. St. Rep. 98, 2 Ann. Cas. 788, and authorities cited in note on page 790; 23 R. C. L. 584.

This doctrine is stated in R. C. L., supra, as follows:

"Where there is a remainder to a class and there are remaindermen of the class in being who are made parties to a cause affecting the property, the decree rendered therein will bind all others who subsequently come into the class. This result follows from the doctrine of representation, it being assumed that the living representative will look after the interests of the entire class, by bringing to the attention of the court the merits of the controversy so far as they affect the class."

As herein indicated, it is the opinion of this court that the judgment of the court below should be reformed in the respect above stated, and, as reformed, it should be affirmed.

Reformed and affirmed.