(No. 24949.—

ROBERT C. GUNNELL, *et al.* Appellees, *vs.* CLARENDON R.
PALMER *et al.*—(R. L. STUART, Trustee, Appellant.)

*Opinion filed December 20, 1938.*

R. L. Stuart, *pro se,* as trustee, appellant.

Eugene D. Hardy, for appellees.

Mr. Justice Orr delivered the opinion of the court:

Robert C. Gunnell and E. Mitchell Gunnell filed a bill in the circuit court of Knox county to quiet title to certain real estate in the city of Galesburg. Among the defendants named were the unborn descendants of Robert C. and E. Mitchell Gunnell, and a trustee was appointed by the court to represent their interests. From a decree granting complainants complete title in fee simple, the trustee appeals directly to this court, a freehold being involved.

Anna Chappell Gunnell died testate in 1924, seized of an undivided one-half interest in the real estate here involved, together with a mortgage on the other undivided one-half interest, title to which was in her brother. Mrs. Gunnell devised a life-estate in her one-half interest in the property to her husband with a remainder for life to each of her two sons. At the death of either son, his share was to vest in his descendants, but if he should die without descendants surviving, the entire remainder was to go to the descendants of the other son. If both sons should die leaving no descendants surviving, then the remainder was to vest in Lombard College and Galesburg Cottage Hospital.

In 1928, in the course of administering the estate, the executor obtained an order from the county court of Knox

county directing him to sell her one-half interest in this property for the payment of debts. Named as defendants to that proceeding were the devisees of the property, the life tenants, the unborn descendants of testatrix' two sons, (represented by a guardian *ad litem* appointed by the court,) Lombard College and Galesburg Cottage Hospital. The property was purchased from the executor by Robert C. Gunnell, one of the complainants, and the county court entered a final order approving the sale and directing the issuance of a deed to the purchaser. No appeal was taken from this final order. The executor also foreclosed the mortgage on the other undivided one-half interest in the property and the certificate of purchase was bought by E. Mitchell Gunnell, the other complainant here. In February, 1938, Robert C. and E. Mitchell Gunnell brought this suit to quiet title to the entire property. Among other possible defects in title, the bill alleged that neither Robert C. Gunnell nor E. Mitchell Gunnell has ever had any issue or descendants, but if any should be born such issue or descendants might claim an interest in the property by virtue of the will of Anna Chappell Gunnell. The circuit court, pursuant to a statute which became effective July 1, 1929, (Ill. Rev. Stat. 1937, chap. 22, par. 6,) appointed R. L. Stuart as trustee of the interests of such unborn descendants and thereafter entered a decree confirming title in fee simple in complainants.

Generally, orders and decrees of a court, in any case in which jurisdiction has attached, are not open to contradiction or reexamination in any collateral proceeding. (*Moffitt* v. *Moffitt*, 69 Ill. 641; *Sheahan* v. *Madigan*, 275 id. 372; *Weberpals* v. *Jenny*, 300 id. 145.) The issue here, is whether the county court had jurisdiction of the unborn descendants in the proceeding to sell real estate to pay debts when, at that time, there was no statute authorizing the court to make parties not in being defendants to a suit or to bind them by its order. In the absence of statutory au-

thority, did the county court have jurisdiction of the unborn descendants under the doctrine of representation, or is that doctrine so limited as not to apply to persons not in being unless living members of the same class, with identical interests as the persons not in being, are made defendants? We do not think the doctrine is so limited. This court has held, in chancery cases, that the doctrine of representation must have the flexibility born of convenience and necessity, and that if the interests of unborn contingent remaindermen are sufficiently represented so they can be protected by the court, the prerequisites for application of the doctrine are satisfied. (*Hale* v. *Hale,* 146 Ill. 227; *Longworth* v. *Duff,* 297 id. 479; *Denegre* v. *Walker,* 214 id. 113; *Montgomery* v. *Equitable Life Assurance Society,* 83 Fed. (2d) 753.) In accord with this view we have said that when the court has jurisdiction of the first person in being who has an estate of inheritance and of those claiming prior interests, a decree binding the interests of contingent remaindermen may be entered. (*Denegre* v. *Walker, supra; McCampbell* v. *Mason,* 151 Ill. 500.) In other jurisdictions, the courts have had occasion to go further. Thus the United States Supreme Court, has pointed out that "in a bill to enforce a debt charged upon real estate devised to one for life, with contingent remainder to his unborn son, the executor and the tenant for life are sufficient parties, because * * * if there is no one in whom the estate of inheritance is vested it is impossible to say the creditors are to remain unpaid and the trust not to be executed until a son is born. If there is no first son in being, the court must take the facts as they stand." *McArthur* v. *Scott,* 113 U. S. 340, 28 L. ed. 1015, and cases cited.

Under the authority of these cases, it is clear that the county court had jurisdiction to enter an order binding the unborn descendants of Robert C. and E. Mitchell Gunnell. All the parties in being who had any interest in the property were before that court—the life tenants and the remote

contingent remaindermen. Regardless of whether the interests of the life tenants were adverse to those of the unborn descendants, we think the interests of such unborn descendants were adequately protected, here, by the presence of the alternative contingent remaindermen. It is true that their interests were more remote, yet in so far as the issues raised by the petition to sell such real estate to pay debts were concerned, the interest of such unborn children on the one hand, and the interest of Lombard College and Galesburg Cottage Hospital on the other, were identical. Until such time as there should be children born of one of the plaintiffs, the interests of the unborn children and of Lombard College and Galesburg Cottage Hospital were all contingent. All stood to have their contingent interests in the property extinguished should it be necessary to sell the same to pay debts of the estate, and all stood to retain such contingent interests should the prayer of the petition be denied.

In response to the allegations of fraud and collusion, we have examined the evidence of the transactions by which the two life tenants were able to cut off the interests of contingent remaindermen and acquire a fee simple in the devised property. While transactions of this character must be scrutinized more carefully than if the purchasers had been disinterested third parties, this fact, alone, is not sufficient to establish fraud and collusion. (*Sheahan* v. *Madigan, supra; Reinhardt* v. *Seaman,* 208 Ill. 448.) Nor does it appear to us that the sale price in each instance was so low as to raise an inference of fraud. The testimony shows that the net annual income, after deducting depreciation, is about $4700, and that the lease made in 1928, ending in 1942, was as fair and advantageous as could be obtained. At the time of the contested transactions, there was a mortgage of $39,000 on the entire property. Robert C. Gunnell paid $40,000 for the undivided one-half interest owned by the testatrix at the time of her death, subject, of course, to

the mortgage. E. Mitchell Gunnell paid $30,000 for the certificate of purchase to the other one-half interest which had been acquired by the estate in the course of administration. In view of the fact that property is not expected to bring its full value at such sales (*Comstock* v. *Purple,* 49 Ill. 158; *Allen* v. *Shepard,* 87 id. 314;) we cannot declare these prices grossly inadequate. The mere fact that plaintiffs profit from forced sales necessary to a settlement of an estate does not, of itself, prove fraud. *Comstock* v. *Purple, supra.*

The constitutionality of the statute under which the circuit court appointed a trustee in the present proceeding to represent the unborn descendants of Robert C. and E. Mitchell Gunnell, is challenged. It is said the statute will deprive persons of property without due process of law because parties not in being cannot be given notice and an opportunity to be heard. As we have already indicated, the equitable doctrine of representation permits foreclosure of the interests of unborn contingent remaindermen where their rights are represented by parties properly before the court. We think the statute in question is, in part, designed to further safeguard those interests so represented. More important, the interests of unborn persons may more readily be brought within the jurisdiction of the court, when they are not otherwise represented, and a final determination of conflicting claims may be made with dispatch. The essentials of due process are fully satisfied by the provision in the statute which authorizes a court to appoint some competent and disinterested person as trustee of the interests of those not in being. (*Loring* v. *Hildreth,* 170 Mass. 328, 49 N. E. 652.) Through this trustee such rights and interests are given their day in court. The trustee, here, suggests that if the statute is to be upheld it should be interpreted to apply only to suits for the protection or recovery of some interest of unborn persons, and to have no application to suits, such as this, seeking to ex-

tinguish their interests. This interpretation would render the statute largely ineffective, for it could be employed only to acquire rights and interests which persons not in being did not previously possess but not to protect interests which they already claimed. Appellants point to no restrictive language in the statute which indicates any such limitation of legislative intent.

The decree is affirmed.

*Decree affirmed.*