**BRADLEY v. HENRY.**

No. 15217.

Court of Civil Appeals of Texas.
Fort Worth.

May 4, 1951.

Irvin J. Vogel, of Wichita Falls, for appellant.

H. M. Muse, of Wichita Falls, for appellee.

CULVER, Justice.

This suit brought by Daniel Henry, appellee, against M. M. Bradley, appellant, is one to enforce specific performance of a contract to purchase an oil and gas lease on four certain tracts of land, record title to which stands in name of appellee.

In November, 1936, appellee and wife conveyed four tracts of land, one to each of their four children. Each deed contained the following language: "It is the intention of Grantors to retain one-half of the minerals in said land as long as either of them lives, and that at the death of the survivor, said minerals shall become the property in full of (named grantee) and this deed reserves one-half of the minerals in, on or under said land. The said grantee is to have a life estate only in said property with remainder to his children at his death, or, if none, then to grantors or their estates." In March, 1937, the tracts were reconveyed to Daniel Henry by each of the four children, at which time, all four were single and had never been married. Shortly thereafter one of the children, Daniel Henry, Jr., married and one child was born to this union.

In 1940, appellee and wife filed suit in the district court of Clay County against each of their four children and naming also as a defendant, the minor child of Daniel Henry, Jr., individually and "as a representative of the unborn heirs and children" of the grantees in said deed. The minor child of Daniel Henry, Jr., was served personally, the court decreeing judgment in favor of plaintiffs Daniel Henry and wife, found that there was no delivery by the grantors nor acceptance by the grantees of the said tracts of land and quieted title in plaintiff Daniel Henry and wife in all four tracts.

Some time after the above judgment was taken, another child was born to Daniel Henry, Jr., and soon thereafter said Daniel Henry, Jr., died. No children have been

born to the other three grantees. The point being raised that the service of citation on the minor Donnie Sue Henry was defective in that she was not served in a representative capacity, plaintiff filed a second suit in the district court of Clay County against Donnie Sue Henry and her brother, Larry Henry, minors, the children of Daniel Henry, Jr., individually and as representatives of the class of unborn children of appellee's four children. Service of citation was had on said minors and guardian ad litem appointed. The court rendered judgment on September 22, 1950, decreeing, "that the defendants Donnie Sue Henry and Larry Henry, both minors, are the representatives of the class of unborn children of James W. Henry, Betty Henry, a feme sole, Kizzie Henry, a feme sole, and Daniel Henry, Jr., now deceased, which class, together with the said Donnie Sue Henry, a minor and Larry Henry, a minor, constitues the only remaindermen under the hereinabove described deeds executed to James W. Henry, Betty Henry, a feme sole, Kizzie Henry, a feme sole, and Daniel Henry, Jr., now deceased." The court again found that there was no acceptance and delivery of the deeds in question and no consideration for the same, and ordered the cloud cast upon the title by the deed to his four children be removed and title quieted in plaintiff Daniel Henry.

On September 23, 1950, appellant and appellee entered into a contract by the terms of which appellant agreed to buy an oil and gas lease on all of said four tracts of land, and on November 8, 1950, appellant refused to accept said lease on the sole ground that the plaintiff did not have title to said lands, asserting that the rights of remaindermen created by the four original deeds out of appellee to his children had not been cut off and were still outstanding.

By the terms of the judgment appealed from herein, the trial court found that appellee is the owner in fee simple of and has good and merchantable title to the four tracts of land involved herein; that the two judgments theretofore entered in the district court of Clay County "divested title and possession of the above described land and premises out of the defendants in said suits and all of the same including the remaindermen, and all remaindermen, which may or might have been granted interest in said land and premises under the deeds described in said judgment and vested said lands and said premises in the plaintiffs in such suit," and that appellee was entitled to a decree of specific performance against the appellant.

The sole point raised in this case is whether by the two former judgments the rights of remaindermen including those yet unborn had been cut off.

Appellant argues (1) that Rule 42, Texas Rules of Civil Procedure, does not contemplate or authorize a class suit in respect to unborn persons, and, (2) that the two minor children of Daniel Henry, Jr., were remaindermen only as to the tract conveyed to their father and had no community interest with the unborn remaindermen as to the tracts deeded to the appellee's other three children and had no interest in making a common defense for them.

The point raised by appellant manifestly will not apply to the tract conveyed by appellant to Daniel Henry, Jr., and by him reconveyed to appellant for the reason that Daniel Henry, Jr., is now deceased and the only two children surviving him were named as defendants and properly served in the former suit.

■ Irrespective of the application vel non of Rule 42, Texas Rules of Civil Procedure, it would seem, under the facts in this case, that these two minor children of Daniel Henry Jr., would be fairly representative of any children that might be thereafter born to the other children of the appellee. The four deeds were all made at the same time by the appellee to his four children and all reconveyances to appellee were made some four months later almost contemporaneously. The trial court found in two separate judgments that none of the four deeds were ever delivered or accepted. It would be difficult to conclude, but that all four deeds would stand or fall together, and we are of the opinion that under the circumstances involved in this case, the two minor children of Daniel Henry, Jr., serving as representatives would have a defense

common to all other unborn grandchildren and interested in making a defense for them and we so hold. Johnston v. Johnston, Tex.Civ.App., 276 S.W. 776.

 If, however, these two children are not fairly representative of their unborn cousins who would be remaindermen in the other three tracts, nonetheless, "according to the great weight of authority, unborn contingent remaindermen may be represented in case there are no living members of the same class, by persons who hold estates which precede or follow theirs, provided some one or more of such persons would be adversely affected by the decree equally with the class not in esse, and would therefore have the same interest and be equally certain to present to the court the merits of the question upon which the decree is sought." 120 A.L.R. 880.

In the leading case of Gunnell et al. v. Palmer et al., 370 Ill. 206, 18 N.E.2d 202, 204, 120 A.L.R. 871, it is said: "This court has held, in chancery cases, that the doctrine of representation must have the flexibility born of convenience and necessity, and that if the interests of unborn contingent· remaindermen are sufficiently represented so they can be protected by the court, the prerequisites for application of the doctrine are satisfied." See also McArthur v. Scott, 113 U.S. 340, 5 S.Ct. 652, 28 L.Ed. 1015; 28 L.Ed. 1015. The interests of such unborn children would not at all conflict with or be hostile to those of their parents. In Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W.2d 336, 342, writ refused, this court held: "For more than three-quarters of a century the courts of this state have held that remaindermen and reversioners in estates, although not named as parties, were bound by judgments of courts of competent jurisdiction which defeated the estates of those upon whom their interests depended. This is not in conflict with the well-known rule of law that 'every person is entitled to his day in court,' for indeed he has had his day and his interests were represented by those upon whom his interests depend." See cases cited. The opinion in the Southern Ornamental Iron Works v. Morrow was expressly approved

by the Supreme Court in the case of Richardson v. Kelly, 144 Tex. 497, 191 S.W. 857. See also 26 Tex.Jur. pp. 229–231.

 Should the contention of appellant prevail, then the title to three of the tracts conveyed could not be made certain and merchantable until and unless those three children of appellee's should have children born to them, or until it could be determined that none would ever be born. There would be the strong probability that the title to one or more of these tracts would be "clouded" for an indefinite number of years. Certainly the law would not look with favor upon such confusion.

We think that the trial court entered the proper and correct judgment in his holding that the title to the four tracts is completely vested in the appellee and decreeing specific performance of the contract entered into between appellant and appellee. We therefore affirm the judgment entered by the trial court.