## TEXAS EMPLOYERS' INS. ASS'N v. SCOTT.

### No. 6155.

Court of Civil Appeals of Texas. Amarillo.

June 4, 1951.

Rehearing Denied July 16, 1951.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Merchant, Fitzjarrald & Pope, Amarillo, for appellee.

PITTS, Chief Justice.

This proceeding is in the nature of a bill of review filed by appellant, Texas Employers' Insurance Association, against appellee, W. Mac Scott, seeking to set aside and vacate a final judgment previously rendered in favor of appellee and against appellant in cause number 1818 at a former term of the District Court of Moore County. The former final judgment was rendered by the trial court on November 12, 1949, and was thereafter on July 10, 1950, affirmed by this court, 233 S.W.2d 171. Thereafter on November 22, 1950, the Supreme Court refused a writ, n.r.e. At some time after the rendition of the final judgment by the trial court, the exact date not being reflected by the record, appellant filed this suit and went to trial on December 15, 1950, on its amended pleading filed on October 13, 1950. Appellant pursued its alleged cause of action after the trial court's former final judgment had been sustained by both this court and the Supreme Court.

The original suit was a compensation case in which appellee herein as plaintiff alleged he had previously sustained injuries to his head which incapacitated him totally and permanently while he was then employed by the Shamrock Oil and Gas Corporation with appellant herein as the compensation insurance carrier. Appellant as defendant joined issues with appellee in the original suit and the nature, extent and

duration of appellee's injuries and his disabilities, if any, were all strongly contested issues in that suit, resulting in a jury verdict for appellee and a final judgment rendered upon the verdict for total and permanent disability compensation for appellee.

In this suit appellant has alleged that it is entitled to have a retrial of the issues heard in the original suit for the alleged reasons that there exists newly discovered evidence and extrinsic fraud on the part of appellee. As a basis for such allegations appellant further alleged that appellee, subsequent to the rendition of the final judgment in the original suit and on February 9, 1950, made application for employment with Consolidated Vultee Corporation of .Fort Worth, and there represented that he had no physical disabilities or impairments; that appellee was then and there required to take a physical examination which disclosed that he had no such physical defects or impairments as he had previously claimed in the original suit; that subsequent to February 9, 1950, appellee has been continuously employed by the said corporation; that appellee knew at the time the final judgment was rendered for him in the original suit that he was able to pass a pre-employment physical examination and was therefore capable of obtaining and retaining employment elsewhere and that he concealed such information from appellant and from the court. Appellant further pleaded as follows: "In further support of its said prayer for relief, plaintiff alleges that the defendant's claim of a total and permanent incapacity was seriously contested upon the trial of said Cause No. 1818, that on said trial it was disclosed without controversy that defendant was off work for approximately four · weeks, during which weeks weekly compensation was paid him by plaintiff, that he returned to work about the first day of February, 1949, and, continuously until about the date of the trial of said suit remained in the employ of his then employer, The Shamrock Oil and Gas Corporation."

For all of these alleged reasons appellant sought to have the judgment in the original suit set aside and to have a retrial of the issues there heard.

Appellee answered with a plea in abatement and a motion to dismiss appellant's alleged cause of action on the ground, in effect, that appellant was seeking to relitigate issues that had been previously fully heard and determined as reflected by a final judgment rendered in the original suit, being cause number 1818. Appellee's plea in abatement and motion to dismiss were sustained by order of the trial court for the reasons therein stated and appellant perfected its appeal to this court for that reason alone.

In the case at bar appellant has alleged that appellee's claim of total and permanent incapacity was seriously contested upon the trial of the original action. In that action appellee testified fully concerning these matters and medical testimony was offered by both parties concerning these issues. The nature, extent and duration of appellee's alleged injuries and his alleged disabilities were all disputed issues. However, medical testimony was there heard to the effect that appellant was not then physically able to obtain and retain employment and that it was not then known· when he would be a normal man again. These matters were controverted. Therefore the extent and duration of appellee's disabilities, if any, were issues to be determined by the jury. After hearing all of the testimony concerning these issues, the jury there found that appellee was totally and permanently disabled and judgment was rendered accordingly. The testimony was heard in the original suit immediately prior to the rendition of the former final judgment on November 12, 1949. It would be a rather far-fetched conclusion to charge that appelee knew during the trial of the original suit and prior to his subsequent physical examination on February 9, 1950, that he was able to pass a pre-employment physical examination when a physician had testified at the original trial concerning his disabilities and further testified that appellee was not then able to work and it was not then known when he would be normal again.

■ In the case of Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 96, the court held that a suit such as this is a suit in equity and that the grounds for instituting

such a suit are narrow and restricted. · It further held that something more than an injustice must be shown before a new trial can be obtained to litigate matters between the same parties that have once been heard and adjudicated at a former term of the trial court. The court also there held that the petition of an unsuccessful litigant to set aside a former judgment in such a case was insufficient to meet the requirements for a bill of review on the alleged grounds that the successful litigant fraudulently conspired to recover existing damages by falsely pleading and testifying in a case such as the one at bar that his injuries were total and permanent when it was known that such was not true. It was there held that the petition of the unsuccessful litigant alleging in effect that the successful litigant swore falsely at the original trial, even if true, fell far ·short of meeting the requirements for a bill of review. The court there said: "The rule is universally recognized that alleged perjury of a witness upon a trial of a contested issue, to which the opposing party had the opportunity to refute, will not furnish a basis for setting aside the judgment on bill of review."

Numerous authorities are there cited in support of the rule announced. It was likewise there held that fraud must be extrinsic to justify the setting aside of a former judgment in such cases, and must be collateral to the matter or issues tried, and not something which was actually or potentially in issue at the trial. . It must be alleged by the losing party that his adversary was guilty of fraud such as prevented the losing party from knowing about his rights or defenses or from having a fair opportunity of presenting them upon the original trial or which denied him the opportunity to fully litigate upon the original trial all the rights or defenses he was entitled to assert. In support of these rules of law we likewise cite the cases of State v. Wright, Tex.Civ.App., 56 S.W.2d 950, and Schnautz v. Stelfox, Tex.Civ.App., 235 S.W.2d 473, and other authorities cited by these cases.

In the case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, the Supreme Court recently held that it is the policy of the law to give finality to judgments of the courts because such is fundamentally important in the administration of justice. It further held that bills of review seeking relief from judgments are always watched by courts of equity with extreme jealousy, and the grounds upon which interferences will be allowed are narrow and restricted; and the rules for such are not to be relaxed merely because it may appear in some particular case that an injustice has been done. The court there likewise held that in order to successfully invoke the proceedings of a bill of review in order to set aside a final judgment, a litigant must allege that he had a meritorious defense to the alleged cause of action in support of the judgment rendered and that he was prevented from making such defense by the fraudulent, wrongful or accidental acts of the opposing party, unmixed with any fault and negligence of his own. It is our opinion that appellant did not meet these absolute requirements in its petition filed in this action.

Traders & General Ins. Co. v. Rhodabarger, Tex.Civ.App., 109 S.W.2d 1119, 1122, writ dismissed, is a very similar case to the one at bar. In its petition for a bill of review in that case, the losing party there pleaded fraudulent conspiracy on the part of Rhodabarger, the successful party, as grounds for setting aside a former final judgment in a compensation case. It was there alleged that Rhodabarger obtained a jury verdict and judgment for total and permanent disabilities as a result of an injury through false pleading and perjured testimony. Rhodabarger's divorced wife intervened in the latter suit claiming an interest in the final judgment rendered in the original suit. She leveled exceptions to . the plea of a fraudulent conspiracy filed by her adversary and her exceptions were sustained by the trial court. With reference to these matters the court there said: "The petition charged perjury on the part of Rhodabarger in his testimony as to the extent of his injuries. That question was in issue when the case was tried. It cannot now be relitigated unless it appears that he was guilty of fraud of such character as prevented the company from interposing its . defense. While the petition charged that :

he feigned injuries that did not exist and testified falsely, it nowhere alleged that the company or its representatives were deceived by the feigning or perjury."

The trial court's judgment was there affirmed with many authorities cited and discussed in support of the affirmance. The court there likewise held that in cases such as that one and the case at bar courts may take notice of facts shown at former trials of the case and of the records of the same.

In the case at bar it is not alleged that appellant was deceived by any acts or testimony of appellee; neither is it alleged that appellee prevented appellant from interposing its defenses. On the contrary appellant pleaded that its defenses were seriously presented upon the trial of the original suit and the facts and the record of the case thoroughly support such pleading.

As a part of its asserted right for a retrial of the issues previously heard and determined, appellant pleaded, in effect, that appellee had withheld and concealed from appellant and the court pertinent information necessary to establish its defense. With reference to a similar charge to that here made the court said in the case of Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983, 985, that: "It is at least a novel contention that one who fails to furnish his adversary with proof of a fact he is disputing in a law suit is guilty of actionable fraud. Even perjury itself is ordinarily not sufficient for setting aside a former judgment."

After making a careful application of the rules of law found in other cases such as this to the record here presented to us, it is our opinion that appellant's pleadings do not allege newly discovered evidence, fraudulent conspiracy or any other fact that would justify the setting aside of the former final judgment rendered in the original suit. It is therefore our opinion further that the trial court was justified in sustaining appellee's plea in abatement and motion to dismiss the case. Appellant's point of error to the contrary is overruled and the judgment of the trial court is affirmed.