### KEETON et al. v. KING.
### No. 6217.

Court of Civil Appeals of Texas. Amarillo.
March 17, 1952.

seeking to set aside and nullify a former judgment rendered by the court on April 6, 1951, awarding the custody of a minor child. Appellant, Flora Lavelle King Keeton, had been previously married to appellee, L. B. King, Jr. During their marriage a son, Larry King, was born. Thereafter the child's parents separated and on May 19, 1950, appellee was divorced from his wife, the child's mother, in Potter County, Texas, and the custody of the child was awarded to its mother who resided then in Lubbock County. Appellee thereafter married again and he and his second wife moved to Lubbock County. On April 6, 1951, the child's parents both appeared in the 99th District Court of Lubbock County seeking a change of custody of the child from its mother to its father. The hearing was predicated upon a petition filed in the said court by appellee here, the child's father, alleging the mother's consent for a change of custody and further alleging his remarriage and establishment of a Christion home that would be available to the child for its proper care and training since the last award of the child was made and upon a verified waiver signed by the child's mother acknowledging she had been served with a copy of the said petition, had read it, had no desire to contest it, but gave her full consent for the change of the child's custody as prayed for.

The record here reveals that the parents of the said child had several times and on different occasions discussed the matter of making such a change of custody since it had been last awarded to its mother; that they finally reached an agreement about the matter and had the pleadings drawn and filed accordingly. Some of their discussions about the matter were had in the presence of appellant, Orville Keeton, whom the child's mother later married on the night preceding the hearing in the trial court on April 6, 1951. The record further reveals that all of the parties, except the trial court, knew at the time of the hearing that Orville Keeton had married the child's mother on the previous night; that Orville Keeton knew about the agreement between the parents concerning the change of custody of the child; that he ac-

Campbell & Brock, Lubbock, for appellants.

Bill D. Tucker, Lubbock, for appellee.

PITTS, Chief Justice.

Appellants, Flora Lavelle King Keeton, joined by her husband Orville Keeton, filed their petition for a Bill of Review,

companied the child's mother when she went to an office to sign the waiver and that he was present for the hearing held on April 6, 1951. The record also reveals that both parents of the child were called as witnesses before the court at that hearing and both were fully examined before the court concerning the matter of change of custody. When the child's mother appeared then and there as a witness, she gave her name as "Mrs. Flora Lavelle King", although she had changed her name the night before by marrying Orville Keeton, and there is nothing in the record tending to show that the trial court knew anything about such marriage. The record reflects further that the trial court there examined the child's mother as a witness who assured the court she was willing for the change in the custody of the child to be made and for the father to have its custody.

As a result of that hearing the trial court found that the child's mother gave her consent for such change of custody and that L. B. King, Jr., the child's father, had remarried and had established a Christian home, for which reasons it would be for the best interest of the child to grant the request for such change in custody. Such change of custody was so ordered by judgment of the court duly rendered with visitation privileges allowed the child's mother at reasonable times and there was no appeal from the said judgment.

Thereafter appellants filed their petition for Bill of Review alleging that the child's mother signed the waiver of service in the foregoing action because of threats of physical violence made against her by appellee, L. B. King, Jr., and the foregoing judgment was procured by reason of false and fraudulent representations made to her and the court by appellee. For these alleged reasons appellants sought to have the former judgment of date April 6, 1951, nullified and set aside and the custody of the child returned to its mother. Appellee answered with a plea of general issue and the matters were heard before the trial court on October 19, 1951. Judgment was rendered denying appellants any recovery from which judgment they perfected their appeal.

A petition for Bill of Review is a suit in equity and the grounds for instituting such a suit are narrow and restricted. In such a suit something more than an injustice must be shown before a new trial can be obtained to litigate matters between the same parties that have once been heard and adjudicated. Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94.

The first requisite for an equitable review of a final judgment entered at a previous term of the court is diligence on the part of the petitioner. Such diligence must include a showing that petitioner was not negligent in his failure to present the matter complained of to the trial court in the original proceeding or in his failure to move for a new trial after judgment was rendered and during the term in which it was rendered, or in his failure to prosecute an appeal, if by such appeal the same alleged facts could have been urged as grounds for reversal of the judgment. Mitchell v. Mitchell, Tex.Civ.App., 199 S.W.2d 699, and other authorities there cited.

In the case of Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983, 986, the Supreme Court said:

"No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking the relief or his counsel."

Applying these and other rules of such a nature to the record presented here, the trial court was justified in holding that appellants had not met the required rules governing such a proceeding. Assuming, however, that appellants' pleadings were sufficient, the trial court found that appellants failed to establish their allegations of threats of bodily injuries and fraudulent representations and such findings are not contrary to the evidence heard in this proceeding.

We are acquainted with the rules of law to the effect that the courts should not permit technicalities to have a controlling effect in a child custody hearing;

and that broad equitable powers should be exercised in determining what will be for the best interest of the child. Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229. However, it is conceded by all parties here that before a judgment awarding custody of a child may be changed in a subsequent action there must be affirmative pleadings of some nature, together with proof, to support a judgment for such a change. The rule is likewise well established that the finality of a judgment awarding custody of a minor child obtains so long as the circumstances and conditions remain the same but such rule does not bar a subsequent proceeding to modify or change the former award of such a child provided conditions have changed so materially as to justify such a change since the last award was made. Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19; Evans v. Taylor, Tex.Civ. App., 128 S.W.2d 77.

However, in the case at bar appellants have not sought custody of the child upon the grounds of changed conditions since the last award of the child's custody was made on April 6, 1951. They make a direct attack upon the existing judgment of the trial court and seek to recover custody of the child upon a charge that the trial court's judgment of date April 6, 1951, is void, should be set aside and nullified. Under the authorities cited and many others it is our opinion that the trial court properly denied appellants any such relief.

■ Appellants further contend that appellee did not meet the requirements of the foregoing rules of law with reference to changed conditions when the custody of the child was changed by order of the court on April 6, 1951. They further contend that the trial court's judgment making such change of custody was based solely upon the alleged agreement of the parents and that it was nothing more than a "consent" judgment. We do not agree with such contentions. In that action appellee, L. B. King, Jr., pleaded consent by the child's mother but he likewise pleaded other facts that constituted a change of conditions and circumstances since the former award had been made. He pleaded that since the former award was made he had remarried and he and his wife had established a Christian home and were in a position to make a good home for the child and that they were proper and fit persons to have its custody. In its judgment of date April 6, 1951, the trial court found that the child's mother gave her consent for the change in custody but it likewise further found that appellee, L. B. King, Jr., had remarried and had established a Christian home, for which reasons it would be for the best interest of the child that its custody be given to its father.

■ Appellants also contend that the former judgment of award made on April 6, 1951, is void because the child's mother was a married woman at the time of the trial and her husband was not made a party defendant. As previously stated the record reveals that the child's mother married Orville Keeton on the night before the trial but she gave her former married name "Mrs. Flora Lavelle King", and not her new married name when she testified as a witness before the court at the said hearing. Nobody apprised the trial court of her marriage and there is nothing in the record to indicate that the trial court knew of her marriage to Orville Keeton. At any rate, Orville Keeton knew about the agreement between the parents for a change of custody and told them it was their affair and none of his. He knew his then wife had signed the waiver heretofore mentioned and he attended the hearing when the change of custody was made. Yet he and his wife did not seek the new trial, did not appeal from the trial court's order and in fact made no complaint about the change of custody until they sought to set aside the judgment there rendered by direct attack made in this action upon the judgment of an award.

The child's mother was a feme sole when the action about which appellants here complain was filed. A suit by or against a feme sole shall not abate because of her subsequent marriage but she or her husband may suggest that the marriage be entered of record and he may be made a party to the suit if he chooses. Rule 157,

Vernon's Texas Rules of Civil Procedure, 1948 Supplement.

For the reasons given appellants' points are all overruled and the judgment of the trial court is affirmed.