JONES et al. v. MOORE et al.

No. 10169.

Court of Civil Appeals of Texas.

Austin.

Nov. 25, 1953.

Rehearing Denied Dec. 16, 1953.

Roscoe Johnson, San Antonio, for appellants.

Slater & Slater, Luling, for appellees.

GRAY, Justice.

On October 2, 1952, appellants filed this suit to review and set aside a judgment rendered October 9, 1950.

Appellees urged special exceptions to appellants' petition which together with evidence were heard by the trial court. The court found appellants had neither plead nor proved diligence, and the special exceptions were sustained. Appellants declined to amend and their cause of action was dismissed.

The controversy is as to the legal ownership of 81 acres of land which the record shows was originally owned by Hugh Moore and his wife, Rosa. Both died intestate, Hugh in 1913, and Rosa in 1918. Appellants are the children of Hugh and Rosa Moore or the descendants of said children.

Appellee John Moore is a child of Hugh and Rosa.

On October 2, 1928, based on an order of sale issued upon a judgment to which appellants or their ancestors were parties, appellee John Moore became the purchaser at a sheriff's sale of the 81 acres of land. On June 23, 1949, appellants, except Jim Moore, filed suit against John Moore. They alleged that they jointly with John Moore and Jim Moore were the owners of the land and sued for a partition thereof. Jim Moore intervened in that suit and alleged himself to be the owner of the 81 acres under the ten year statute of limitations. A trial was had before the court without a jury. At this trial all parties appeared in person and by attorney, or at any rate by attorney. The judgment awarded title to the 81 acres to John Moore. That judgment was not appealed from, it has never been set aside, is the judgment here complained of, and will be here referred to by its number, 10,694. It recited the following agreement:

"And then came all parties hereto by their attorneys and represented to the Court that they had agreed that no Writ of Possession should issue under this judgment until after the expiration of thirty (30) days from October 9th, 1950; and that the Defendant John Moore, in whose favor this judgment runs will, if there be tendered and paid into the treasury of this Court for the use and benefit of John Moore and prior to the expiration of said thirty days, the sum of $6034.35, execute and deliver to the parties so paying said sum of money a conveyance

of all his, right, title and interest in said property; and said agreement appearing to be fair and equitable to all parties, same is hereby approved by the Court and made a part of this judgment."

On April 5, 1951, John Moore conveyed the 81 acres of land to W. W. McNeal. The recited consideration for this deed was paid partly in cash and in part by a note. All interested parties to that conveyance were named parties defendant to this cause.

Appellees urged special exceptions to appellants' petition which are to the effect that appellants did not show diligence, a meritorious cause of action, and in Cause No. 10,694 Jim Moore urged his claim of title by limitation which plea was there adjudged adversely to him.

The appeal is before us on two points which are to the effect that the judgment should be reversed and the cause remanded to the trial court for a trial on its merits because: (1) appellant Jim Moore was in the courtroom during the trial of Cause 10,694, and was ready and willing to prove his claim to the 81 acres of land, and because he was in the courtroom during the hearing of this cause and did offer in evidence proof of his claim; (2) appellants Jim Moore, Gertrude Moore Williams and Pinkie Moore Jackson did not enter into an agreement with John Moore to pay him the sum of $6034.35 as stated in the judgment in Cause 10,694, "and alleged in their bill of review such was a mistake."

In this State it is well established that before a litigant can, by bill of review, set aside a final judgment he must allege and prove: "(1) A meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998; Garcia v. Ramos, Tex.Civ.App., 208 S.W.2d 111,

error ref; Bankston v. Bankston, Tex.Civ. App., 251 S.W.2d 768, mand. overr.

Appellants did not allege, and did not testify, that they were prevented from proving their cause of action by the fraud, accident or wrongful act of the opposite party. They simply say they were present in the courtroom during the trial of Cause 10,694, were ready and wanted to testify but were not called. Jim Moore testified:

"Q. But you had a claim for the land, didn't you? A. Yes, sir.

"Q. And you depended on your lawyer to claim it according to law, is that right?— A. That is right.

"Q. —in your plea of intervention? A. Sure.

"Q. On the day of trial were you in the courtroom at that time? A. Sir?

"Q. At the trial of this case were you in the courtroom? Were you in the courtroom? A. Here? I was here a while.

"Q. You were here in the courtroom. A. Yes.

"Q. Did you ever testify on the witness stand? A. Never did.

"Q. Did you- lawyer call you to testify? A. No, sir.

"Q. Did you want to testify? A. Oh, yes, I wanted to testify for my rights."

(Discussion with the Court.)

and further:

"Q. The defense charges that you are not entitled to have this judgment that was rendered Oct. 9, 1950, file No. 10,694, set aside because you did not show diligence in prosecuting your case; in other words, what is your answer to that question? A. Showed all the diligence I could.

"Q. Did anyone that you know of then show any lack of diligence in prosecuting your case? A. No, sir.

"Q. You don't know of anyone else. A. No, sir.

"Q. But to the best of your ability you showed diligence that you knew how to show? A. Yes, sir."

Gertrude Moore Williams testified:

"Q. The defense charges you with lack of diligence in prosecuting your suit; would you say whether or not you did all you could or knew how to do? A. I did use all I could but I was not a lawyer and I didn't study law and we hired him to use diligence for us.

"Q. And your contention is that he did or did not? A. He did not."

Appellants charge their own attorneys and not the opposite parties were at fault. They in effect say that their own attorneys were negligent in not calling them to testify but they do not say said attorneys were not authorized to conduct the trial in the manner it was conducted. Under. these circumstances the relationship of the attorneys with appellants was that of agency and the attorneys were authorized to adopt such methods and procedure in presenting their clients' defense and cause of action as to them seemed proper. McMillan v. McMillan, Tex.Civ.App., 72 S.W.2d 611.

■ The facts that appellants alleged a meritorious cause of action, that they were not called to testify in support of their allegations, and that the judgment resulted in an injury to them without a further showing that such injury resulted from the wrongful act of the opposite party would not entitle them to relief from the judgment. Bankston v. Bankston, supra.

Appellants testified they did not authorize their attorneys to make the agreement quoted supra, they having alleged such agreement was a mistake. They do not say they made some other agreement; that they attempted to carry out the agreement; that it was induced by the wrongful act of the opposite party, or that any harm resulted to them because of it.

The agreement merely gave appellants the right to pay $6,034.35 into the registry of the court within thirty days from October 9, 1950, and to receive therefor a deed to the 81 acres of land which the judgment decreed to be the property of John Moore who conveyed the land to W. W. McNeal almost five months after the expiration of the thirty days. No harm to appellants by reason of the agreement is shown.

■ Even if we extend appellants' allegation and testimony of mistake to the entire judgment and construe it to be an agreed judgment, appellants have not shown themselves entitled to relief because they have neither alleged nor proved fraud, mistake, accident or any wrongful conduct on the part of the opposite party, and diligence on their part, and that they have "been deprived of his [their] rights without his [their] fault." Texas Employees' Ins. Ass'n v. Arnold, Tex.Com.App., 126 Tex. 466, 88 S.W.2d 473, 474.

The judgment of the trial court is affirmed.

Affirmed.