George E. LOONEY et al., Appellants,

v.

FIRST NATIONAL BANK OF FLORESVILLE et al., Appellees.

No. 13421.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 18, 1959.

Rehearing Denied March 18, 1959.

Vaughan & Vaughan, Hobart Huson, Jr., San Antonio, for appellants.

Bruce Graham, Burford, Ryburn & Ford, Dallas, Dibrell Gardner & Dotson, San Antonio, Fred V. Klingemann, Karnes City, A. N. Steinle, and Leon Steinle, Jourdanton, Thomas E. Mosheim, Houston, Charles H. Donegan, Jr., Seguin, John McCarthy, Dallas, Joseph B. Dibrell, Seguin, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted in trespass to try title by George E. Looney and ten other persons, for a tract of land lying and being situated in Atascosa County, known as the Antonio Pacheco Survey No. 147, Abstract No. 659, Certificate No. 100, fully described in the pleadings. The First National Bank of Floresville and some fifty other persons were named as defendants. Eight of the persons named as defendants filed a cross-action and became cross-plaintiffs. The Antonio Pacheco Survey No. 147 consisted of about 1,590 acres of land. The defendants filed a motion for a summary judgment against the original plaintiffs, which motion was replied to by them, and, after due consideration, the trial court granted a take nothing summary judgment against the original plaintiffs. This was only a partial summary judgment and for that reason no appeal was then taken.

Thereafter the defendants moved for a summary judgment against the cross-plaintiffs, which motion was answered by cross-plaintiffs. Defendants' motion was granted and summary judgment rendered that cross-plaintiffs take nothing. From these summary judgments both the original plaintiffs and cross-plaintiffs have prosecuted this appeal.

The original plaintiffs will be hereafter referred to as "appellants Looney et al.," and cross-plaintiffs, as "appellants Nelson et al."

The transcript in this case consists of some 381 pages, and there is a so-called statement of facts consisting of over 150 pages. Some seven different parties filed

abstracts of the titles upon which they were relying.

■ Appellants Looney et al., contend that appellees' motion for a summary judgment against them was insufficient as a matter of law and should have been dismissed. We overrule this contention. It is true that appellants Looney et al., originally filed a trespass to try title suit which did not disclose the title under which they were claiming, but when they filed their abstract of title it disclosed that they were claiming as devisees under the will of Isaac S. Hurt, deceased, and unless they change or abandon this abstract of title, with leave of the court, they are bound thereby, and in a summary judgment proceeding their abstract of title can be considered by the court as an admission by them that they are claiming as devisees under the will of Isaac S. Hurt. Rule 794, Texas Rules of Civil Procedure.

This suit, as complicated as it seems from the records, in the final analysis boils down to the construction and effect to be given to three legal instruments, namely, a warranty deed from M. J. Hurt to W. D. Hurt, dated February 27, 1913, recorded in Atascosa County; a warranty deed from M. J. Hurt to W. D. Hurt, dated September 11, 1913, also recorded in Atascosa County, and decree of the District Court of Atascosa County in Cause No. 1832, styled Emil Mosheim v. W. D. Hurt et al.

■ It is apparent that the theory upon which the summary judgments were rendered is, that Isaac S. Hurt was the common source of title, that he left the Antonio Pacheco Survey No. 147 to his wife, Martha J. Hurt, sometimes referred to as M. J. Hurt, for life with power of sale, that she exercised this power of sale and conveyed the land to Wm. D. Hurt for a valuable consideration and thereby cut off any claim of appellants to such survey as remaindermen under the will of Isaac S. Hurt. The record supports the summary judgments and there was no genuine issue of fact to be submitted to a trier of facts.

Article 6 of the will of Isaac S. Hurt reads as follows:

"I hereby give, devise and bequeath unto my beloved wife, Martha J. Hurt, for and during her life, all my estate, real, personal and mixed which I may own or be possessed of, or entitled to, at the time of my death, with full power to manage, control and sell the same, or any part thereof, and from and after her decease, I give, devise and bequeath the following of my said property, real, personal and mixed, to the following persons, to-wit:"

This will was duly probated in Galveston County, Texas, and recorded in Atascosa County. There is no dispute that under the above power Martha J. Hurt could sell the property of Isaac S. Hurt, deceased and thereby cut off the remaindermen provided for in the will. All of the plaintiffs are either the remaindermen of their heirs or assigns.

The execution of the two deeds by M. J. Hurt to Wm. D. Hurt, dated February 27, 1913 and September 11, 1913, respectively, both filed for record on February 20, 1914, in the Deed Records of Atascosa County, clearly was an exercise of this power of sale by M. J. Hurt, which, unless set aside, would cut off the remaindermen of all title to the said Antonio Pacheco Survey. Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876; Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470; Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133.

On November 17, 1915, there was entered in the Minutes of the District Court of Atascosa County a decree in Cause No. 1832, which reads in part as follows:

"* * * the court finds that the land in controversy in this suit was the community property of the defendant M. J. Hurt and her deceased husband, Isaac S. Hurt, whose last will and testament is a subject of construction in this suit; the said land in controversy, both the tract claimed by

plaintiff and that claimed by the defendant W. D. Hurt, was conveyed to the defendant W. D. Hurt by the defendant M. J. Hurt, pursuant to and by the authority of Article Six (6) of the last will and testament of said Isaac S. Hurt, deceased, which will, after giving said M. J. Hurt the testator's entire estate, real, personal and mixed, vests the said M. J. Hurt with full power to manage, control and sell said property or any part thereof.

"It is thereupon and upon all the facts considered ordered and adjudged by the Court that the said M. J. Hurt as the Devisee of the last will and testament of the said Isaac S. Hurt, deceased, had good and lawful authority to sell and convey the land in controversy in this suit and thereby vest the title to said land in the Grantee and to divest the remaindermen of any title thereto."

■ All of appellants herein, except Myrtle Alice Pruitt, Cora Elizabeth Dworaczyk and Gussie Rose Henke, who were born after this 1915 judgment, were parties to the judgment in Cause No. 1832, and unless it is void or set aside, are bound thereby, and the after-born remaindermen are also bound thereby under the doctrine of virtual representation. Miller v. Foster, 76 Tex. 479, 13 S.W. 529; McAnear v. Epperson, 54 Tex. 220; Bradley v. Henry, Tex.Civ.App., 239 S.W.2d 404; Wilder v. Cox, Tex.Cix.App., 104 S.W.2d 897; Peters v. Allen, Tex.Civ.App., 296 S.W. 929; Johnston v. Johnston, Tex.Civ.App., 276 S. W. 776.

■ Appellants contend the judgment was void because there was no service upon the cross-action. This lack of service would not render the judgment void, but only voidable at most. White v. White, 142 Tex. 499, 179 S.W.2d 503; Alston v. Emmerson, 83 Tex. 231, 18 S.W. 566; Smoot v. Chambers, Tex.Civ.App., 156 S. W.2d 314.

■ The 1915 judgment in Cause No. 1832 not being void, was not subject to collateral attack. By bringing a trespass to try title suit, appellants Looney et al., have made nothing more than a collateral attack upon this judgment. Wilmeth v. Wilmeth, Tex.Civ.App., 311 S.W.2d 292; Garlington v. Wasson, Tex.Civ.App., 279 S.W.2d 668; Jones v. Moore, Tex.Civ.App., 262 S.W.2d 956; Texas Employers' Ins. Ass'n. v. Scott, Tex.Civ.App., 242 S.W.2d 915; Keeton v. King, Tex.Civ.App., 248 S.W.2d 500; Mohammed v. Maldonado, Tex.Civ. App., 214 S.W.2d 896; Smoot v. Chambers, supra.

The appellants Looney et al., are clearly barred from any recovery by the judgment in Cause No. 1832, and, therefore, the trial court properly granted a summary judgment that they take nothing.

■ Appellants Nelson et al., have attempted to make a direct attack upon the judgment in Cause No. 1832, by alleging that it was procured by fraud, but they have not brought a suit in the nature of a bill of review, which is the only proceeding to set aside a judgment not void on the face of the record, after term time and after it has become final. Richards v. Smith, Tex. Civ.App., 239 S.W.2d 724; American Red Cross v. Longley, Tex.Civ.App., 165 S.W. 2d 233; 25 Tex.Jur., Ten-year Supp. p. 558, § 194.

They have not attempted to allege or to show by affidavit that they have acted with diligence in bringing this suit to set aside the judgment rendered in 1915; they have not alleged or shown by affidavit that they had a good defense to it, which they were prevented from presenting at the trial, by the opposing party, and they have not alleged or shown by affidavit what judgment should be rendered in the event the judgment in Cause No. 1832 should be set aside. Their cause of action is nothing more than a motion for a new trial, filed some forty years after the judgment was rendered and some forty years after it had become a final

judgment. The trial court properly granted the summary judgment against them. Crouch v. Panama Refining Co., 134 Tex. 633, 138 S.W.2d 94; Wood v. Department of Public Safety, Tex.Civ.App., 311 S.W.2d 274; McKay v. Dunlap, Tex.Civ.App., 244 S.W.2d 278; Smith v. Poppe, Tex.Civ.App., 102 S.W.2d 1108; State v. Wright, Tex. Civ.App., 56 S.W.2d 950; Owen v. City of Eastland, Tex.Civ.App., 37 S.W.2d 1053; 25 Tex.Jur., Judgments, §§ 194, 201 and 202.

The judgment of the trial court is affirmed.